1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ## EASTERN DISTRICT OF CALIFORNIA

10

11 CARLOS HENDON,                               1:05-cv-01247-AWI-GSA-PC

12                    Plaintiff,               FINDINGS AND RECOMMENDATIONS,
                                               RECOMMENDING THAT DEFENDANTS'
13       v.                                    MOTION TO DISMISS FOR FAILURE TO
                                               EXHAUST BE DENIED
14 BAROYA, et al.,                             (Doc. 42.)

15                    Defendants.              OBJECTIONS, IF ANY, DUE IN THIRTY
                                               DAYS
16

17 _____/

18 **I.    BACKGROUND**

19       Plaintiff Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

20 action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on

21 November 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint

22 filed on June 26, 2008, against defendants Baroya, Pham, Hamilton, Nguyet, Hoppe, Griffin, and

23 Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.

24 (Doc. 18.)  On November 24, 2009, defendants Baroya, Riedman, Nguyet, Griffin and Pham

25 ("Defendants") filed a motion to dismiss this action based on Plaintiff's failure to exhaust

26 administrative remedies.[1]  (Doc. 42.)  On December 22, 2009, Plaintiff filed an opposition to the

27 _____

28       [1]Defendants Hamilton and Hoppe have not been served with process in this action.  The United States
Marshal filed Returns of Service unexecuted as to defendants Hamilton and Hoppe on June 25, 2009 and October
26, 2009, respectively.  (Docs. 29, 38.)  Defendants Hamilton and Hoppe have not joined in the instant motion to

1  motion. (Doc. 43.) On December 28, 2009, Defendants filed a reply to Plaintiff's opposition. (Doc.

2  44.) Defendants' motion to dismiss is now before the Court.

3  **II.    STATUTORY EXHAUSTION REQUIREMENT**

4          Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

5  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

6  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

7  as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the prison's

8  administrative process, regardless of the relief sought by the prisoner and regardless of the relief

9  offered by the process, as long as the administrative process can provide some sort of relief on the

10 complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "Proper exhaustion[, which]

11 demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required,

12 Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or

13 otherwise procedurally defective . . . appeal."  Id. at 83-84.

14         The PLRA requires a prisoner to exhaust "such administrative remedies as are available"

15 before suing over prison conditions.  42 U.S.C. § 1997e(a).  The Booth court held that the PLRA

16 requires administrative exhaustion even where the grievance process does not permit award of

17 money damages and prisoner seeks only money damages, as long as the grievance tribunal has

18 authority to take some responsive action.  Booth, 532 U.S. at 732.  "The meaning of the phrase

19 'administrative remedies ... available' is the crux of the case."  Id. at 731.  In discussing the meaning

20 of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either

21 specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the

22 procedural avenue leading to some relief."  Id. at 738. (emphasis added.)  Thus, the court determined

23 that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted"

24 before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*.

25 Id. at 738-739.  (emphasis added.)   It follows, then, that if an inmate exhausts the process that is

26 made available to him, he has satisfied the requirement of the statute.

27 ///

28

dismiss or otherwise appeared in this action.

2

1    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

2  defense under which defendants have the burden of raising and proving the absence of exhaustion.

3  42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d

4  1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not

5  jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment

6  motion.  Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

7  368 (9th Cir. 1998) (per curium)).   In deciding a motion to dismiss for failure to exhaust

8  administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.

9  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust

10  administrative remedies, the proper remedy is dismissal without prejudice.  Id.

11  **III.    SUMMARY OF THE SECOND AMENDED COMPLAINT**

12    Plaintiff is presently a state prisoner incarcerated at the California State Prison Sacramento

13  in Represa, California.   The events at issue allegedly occurred at the California Correctional

14  Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names

15  as defendants I. Baroya (psychiatrist), and physicians Pham, Hamilton, Nguyet, Hoppe, Griffin, and

16  Reidman.  Plaintiff alleges that between the dates of June 6, 2002 and January 22, 2003, he was

17  almost always housed in a suicide watch cell in unsanitary conditions, left nearly unclothed, with no

18  bedding or hygienic supplies, in below-normal temperatures.  Plaintiff claims that Defendants either

19  authorized, approved of, or knowingly acquiesced in the denial of humane living conditions to

20  Plaintiff, causing him to suffer pain and body chills.   Plaintiff seeks monetary damages as relief.

21  **IV.    MOTION TO DISMISS FOR FAILURE TO EXHAUST**

22    The Court takes judicial notice of the fact that the California Department of Corrections and

23  Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code

24  Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at §

25  3084.2(a).  Appeals must be submitted within fifteen working days of the event being appealed, and

26  the process is initiated by submission of the appeal to the informal level, or in some circumstances,

27  the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal are involved, including the

28  informal level, first formal level, second formal level, and third formal level, also known as the

"Director's Level." Id. at § 3084.5.  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

### *Defendants' Motion*

Defendants argue that this action should be dismissed, without prejudice, because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against the defendants to this action.  Defendants submit evidence that between June 6, 2002 and January 22, 2003, the Appeals Coordinator at CCI did not receive any appeals at the first and second levels of review concerning Plaintiff's claims alleged in his complaint.  (Snider Decl. ¶5.)  Defendants also submit evidence that the Inmate Appeals Branch, which processes inmate appeals at the third and final level of review, with the exception of medical appeals, has no record of any appeal by Plaintiff accepted for review and exhausted at that level between June 6, 2002, the date when Defendants' alleged wrongful acts began, and June 26, 2008, the date Plaintiff filed his Second Amended Complaint, regarding Plaintiff's conditions-of-confinement allegations against Defendants.  (Grannis Decl. ¶5.)

### *Plaintiff's Opposition*

In opposition, Plaintiff declares that on October 4, 2002, he filed a grievance concerning the allegations giving rise to this action, and as of November 15, 2002, he had not received a response. (Plaintiff Decl. ¶2.)  Plaintiff argues that he has exhausted his remedies because under the CDCR's grievance procedures, requests for first-level review must be responded to within thirty working days, and he did not receive a response within thirty working days.  Id.  In the Second Amended Complaint, Plaintiff asserts that the appeals process was completed, because he repeatedly attempted to appeal the issues raised in this lawsuit, and his appeals were repeatedly ignored.[2]  (2d Am Cmp at 2 ¶II.C.)

///

___

[2] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the Second Amended Complaint under penalty of perjury.  Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified Second Amended Complaint.

### *Defendants' Reply*

Defendants reply that Plaintiff has not presented any evidence other than his own assertion that his attempt to comply with the prison's administrative grievance procedure was thwarted by the prison's failure to respond to his grievance within thirty working days, as required by Title 15 of the California Code of Regulations. Defendants argue that Plaintiff's assertion should be disregarded by the Court because it is contradicted by the credible, admissible evidence submitted by Defendants, and Plaintiff has not submitted any documentary evidence supporting his assertion.

### *Discussion*

The Court finds that Defendants have not adequately supported their argument that Plaintiff failed to exhaust the remedies available to him. Defendants' evidence is not sufficient to show that the Appeals Coordinator at CCI did not receive any timely appeal from Plaintiff concerning the allegations in the complaint. B. Snider, litigation coordinator at CCI, declares that he or she "reviewed each appeal from the appeals tracking system log between June 6, 2002 through January 22, 2003," and "[N]one of the appeals filed during this time frame reference Plaintiff's issues in his complaint." (Snider Decl. ¶5.) However, Snider's search was not extensive enough to rule out any timely appeal filed by Plaintiff. Under the CDCR's administrative appeals process, appeals must be submitted within fifteen working days of the event being appealed. Cal.Code Regs., tit. 15 § 3084.2(a). Plaintiff alleges in the Second Amended Complaint that he was subjected to unconstitutional conditions between the dates of June 6, 2002 and January 22, 2003. Therefore, Snider's search of the record for timely appeals should have included appeals filed by Plaintiff during the fifteen working days *after* January 22, 2003. Snider also failed to search the record for appeals filed up until November 30, 2005, when the complaint was filed, to ascertain whether Plaintiff filed suit before exhausting his remedies. Moreover, it is not clear from Snider's declaration whether actual copies of Plaintiff's appeals were examined, or whether Snider merely examined the tracking system log, to determine whether an appeal concerned the allegations in the complaint. More evidence is needed to prove that Plaintiff failed to properly utilize the first and second levels of review.

///

Defendants' remaining evidence, a declaration and documentary evidence demonstrating that Plaintiff did not exhaust any relevant appeals at the Director's Level before filing suit, is not sufficient in itself to prove that Plaintiff failed to exhaust his remedies. (Grannis Decl. ¶5.) A Director's Level response is not necessary to satisfy the exhaustion requirement, and the mere absence of a Director's Level response does not entitle Defendants to dismissal. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available."). Defendants have not presented sufficient evidence to support their argument that Plaintiff failed to exhaust the remedies available to him. Therefore, Defendants' motion to dismiss should be denied.

## V.    CONCLUSION AND RECOMMENDATION

Defendants have not met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have not shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against the defendants in this action. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed November 24, 2009, be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **July 23, 2010**        **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE