UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,, <br><br> Plaintiff, <br><br> v. <br><br> BAROYA, et al., <br><br> Defendants. | 1:05-cv-01247-AWI-GSA-PC <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF DEFENDANT HAMILTON, BASED ON PLAINTIFF'S FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE <br><br> OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.   FINDINGS**

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on September 30, 2005. (Doc. 1.)  This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Hamilton, Nguyet, Hoppe, Griffin, and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.  (Doc. 18.)

On September 19, 2010, the Court issued an order for Plaintiff to show cause, within thirty days, why defendant Hamilton should not be dismissed from this action based on Plaintiff's failure to provide information sufficient to effect service. (Doc. 50.)  The thirty day time period has now expired, and Plaintiff has not responded to the order to show cause.  Plaintiff was forewarned in the

1

order to show cause that if he did not respond, defendant Hamilton would be dismissed from this action, without prejudice.

***Defendant Hamilton***

On June 25, 2009, the Marshal filed a return of service unexecuted as to defendant Hamilton. (Doc. 29.)

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated prose plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify defendant Hamilton and locate the defendant for service of process. (Doc. 29.) Pursuant to Rule 4(m), the Court has provided Plaintiff with the opportunity to show cause why defendant Hamilton should not be dismissed from the action at this time. However, Plaintiff has not timely responded to the Court's order to show cause.

**II.     RECOMMENDATIONS**

Based on the foregoing, the court HEREBY RECOMMENDS that defendant Hamilton be dismissed from this action, without prejudice.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 19, 2010**              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE