UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BAROYA, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | 1:05-cv-01247-AWI-GSA-PC <br><br> ORDER GRANTING REQUEST TO RECEIVE CONFIDENTIAL DOCUMENTS UNDER SEAL (Doc. 54-2.) <br><br> ORDER DIRECTING CLERK TO FILE DOCUMENTS UNDER SEAL (Doc. 54-3.) |

**I.  BACKGROUND**

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Hamilton, Nguyet, Hoppe, Griffin and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.[1]  (Doc. 18.) On October 12, 2010, defendants Baroya, Pham, Nguyet, Griffin and Riedman ("Defendants") filed a Motion to Declare Plaintiff a Vexatious Litigant. (Doc. 54.) Defendants also filed a Request for the Court to receive under seal certain documents submitted by Defendants to the Court as Exhibit A in support of their Motion. (Doc. 54-2.)

---

[1] To date, defendants Hamilton and Hoppe have not been successfully served with process and have not otherwise appeared in this action. (Docs. 29, 38, 51.)

1

## II. MOTION TO SEAL DOCUMENTS

Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds. The public therefore normally has the right to inspect and copy documents filed with the court. See <u>Nixon v. Warner Comm., Inc.</u>, 435 U.S. 589, 597-98 (1978); <u>Globe Newspaper v. Superior Court for Norfolk County</u>, 457 U.S. 596, 603 (1982); <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002). However, public access may be denied where the court determines that court-filed documents may be used for improper purposes. <u>Nixon</u>, 435 U.S. at 598; <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." <u>Hagestad</u>, 49 F.3d at 1434 (*quoting* <u>Nixon</u>, 435 U.S. at 602). The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon</u>, 435 U.S. at 599. After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. <u>Hagestad</u>, 49 F.3d at 1434. Local Rule 141 allows the court to seal documents only upon written order. L. R. 141(a). Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the document. For example, the contents may reveal information that may jeopardize the safety or privacy of particular individuals.

Defendants move the court to receive under seal the documents submitted to the Court as Exhibit A to their Motion to Declare Plaintiff a Vexatious Litigant. Defendants assert that Exhibit A contains confidential medical information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPPA). Defendants agree, that should permission be given to seal Exhibit A, they will manually file the document and serve a copy on the Plaintiff.

## III. DISCUSSION

The Court does not seal case documents or exhibits from public view without good cause. Here, Defendants represent that Exhibit A contains confidential medical information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPPA). The Court has made an <u>in camera</u>

review of the documents to determine if the information is of a nature that clearly would require the court to maintain confidentiality. The Court finds that the documents contain protected medical information. The Court agrees that in this case the disclosure of the documents would be against the public interest because the need to protect confidential medical information outweighs any necessity for disclosure. It is the practice of this Court to maintain case documents under seal for an undetermined time period, until they are ordered unsealed by the Court. Accordingly, the Court shall grant Defendants' Request for an order to file documents under seal. The Clerk of Court shall be directed to file under seal the documents submitted by Defendants as Exhibit A to their Motion to Declare Plaintiff a Vexatious Litigant, until they are ordered unsealed by the court. Defendants are not required to manually file another copy of Exhibit A with the Court. However, Defendants shall serve a copy of Exhibit A on the Plaintiff.

## IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Request for the Court to receive confidential documents under seal, filed on October 12, 2010, is GRANTED;
2. The Clerk of Court is DIRECTED to file under seal the case documents submitted by Defendants on October 12, 2010, as Exhibit A to Defendants' Motion to Declare Plaintiff a Vexatious Litigant, until they are ordered unsealed by the Court; and
3. Defendants shall serve a copy of Exhibit A on the Plaintiff.

IT IS SO ORDERED.

Dated: **October 21, 2010**          **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

3