UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS HENDON, | ) | 1:05-cv-01247-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR RECONSIDERATION |
| vs. | ) | (Doc. 64.) |
| | ) | |
| BAROYA, et al., | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION AS MOOT |
| | ) | (Doc. 59.) |
| Defendants. | ) | |
| | ) | ORDER DENYING DEFENDANTS' |
| | ) | MOTION TO STRIKE AND |
| | ) | GRANTING PLAINTIFF LEAVE TO |
| | ) | FILE AMENDED OPPOSITION |
| | ) | WITHIN THIRTY DAYS |
| | ) | |

## I.   BACKGROUND

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Hamilton, Nguyet, Hoppe, Griffin and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.[1]  (Doc. 18.)

On October 12, 2010, Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security ("*Motion*"). (Doc. 54.) On November 3, 2010, Plaintiff filed a motion for the Court to require Defendants to re-serve their *Motion*, claiming he had not received all of the pages of the

---

[1] To date, defendant Hamilton has not been successfully served with process and has not otherwise appeared in this action. (Doc. 29.)

1

*Motion*. (Doc. 59.) On November 8, 2010, the Court denied Plaintiff's motion, without prejudice. (Doc. 60.) On November 29, 2010, Plaintiff filed an opposition to Defendants' *Motion*. (Doc. 62.)

On December 2, 2010, Defendants filed a motion for reconsideration of the Court's order of November 8, 2010, and a motion to strike Plaintiff's opposition to their *Motion*. (Doc. 64.) Defendants' motions are now before the Court.

## II.     MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed with a motion for reconsideration, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Defendants request the Court to reconsider its order of November 8, 2010, which denied Plaintiff's motion to require Defendants to re-serve a complete copy of their *Motion* upon Plaintiff. Defendants present evidence that service of their *Motion* upon Plaintiff on October 12, 2010 was unsuccessful due to misdelivery by the U.S. Postal Service. Defendants assert that on December 1, 2010, they received a large packet of documents in the mail containing the exhibits and declarations offered in support of their *Motion*, along with a notice by the Postal Service indicating that the documents were found loose in the mail and/or damaged by automated equipment, resulting in misdelivery. (Declaration of J. Devencenzi, Doc. 64-1, and Exh. A-1.) Defendants have also submitted a Proof of Service dated December 2, 2010, showing they re-served a complete copy of their *Motion* upon Plaintiff. (Id. at Exh. A-2.) Based on this new evidence, Defendants' motion for reconsideration shall be granted, and Plaintiff's motion requesting re-service shall be denied as moot.

### III. MOTION TO STRIKE

Defendants also request the Court to strike Plaintiff's November 29, 2010 opposition to their *Motion*, to allow Plaintiff the opportunity to file a new opposition following re-service of the *Motion*. In lieu of striking Plaintiff's opposition, the Court shall grant Plaintiff leave to file an amended opposition within thirty days, if he so wishes.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion for reconsideration of the Court's order of November 8, 2010 is GRANTED;

2. Plaintiff's motion of November 3, 2010, requesting re-service of Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security ("*Motion*"), is DENIED as moot;

3. Defendants' motion to strike Plaintiff's November 29, 2010 opposition to Defendants' *Motion* is DENIED;

4. Plaintiff is GRANTED leave to file an amended opposition to Defendants' *Motion* within thirty days from the date of service of this order, if he so wishes.

IT IS SO ORDERED.

Dated:   **December 15, 2010**             **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE

3