IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>    Plaintiff,<br><br>  vs.<br><br>BAROYA, et al.,<br><br>    Defendants. | 1:05-cv-01247-AWI-GSA-PC<br><br>ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, DENYING MOTION TO REQUIRE SECURITY, AND DENYING MOTION FOR PRE-FILING ORDER<br>(Doc. 54.)<br><br>ORDER DECLARING PLAINTIFF TO BE A VEXATIOUS LITIGANT WITHIN THE MEANING OF SECTION 391(b) OF THE CALIFORNIA CODE OF CIVIL PROCEDURE |

**I.     BACKGROUND**

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Nguyet, Pham,[1] Hoppe, Griffin, and Reidman ("Defendants"), for subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.[2] (Doc. 18.)

---

[1] Plaintiff spelled this defendant's last name as "Fam" in the Second Amended Complaint. Defendants corrected the spelling to "Pham" in their Answer. (Doc. 35 at 1, fn.1.)

[2] On December 13, 2010, defendant Hamilton was dismissed from this action based on Plaintiff's failure to provide sufficient information to effect service. (Doc. 67.)

1

On October 12, 2010, defendants Baroya, Nguyet, Pham, Griffin, and Reidman filed a motion under Local Rule 151(b) to declare Plaintiff a vexatious litigant, to require Plaintiff to post security, and for the Court to enter a pre-filing order against Plaintiff. (Doc. 54.) On November 29, 2010, Plaintiff filed an opposition to the motion. (Doc. 62.) On December 3, 2010, defendant Hoppe joined the motion. (Doc. 66.) Defendants' motion is now before the Court.

## II.  PLAINTIFF'S ALLEGATIONS AND CLAIMS[3]

### Plaintiff's Allegations

The events at issue in the Second Amended Complaint arose while Plaintiff was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. At that time, defendant Baroya was a psychiatrist employed at CCI, and defendants Nguyet, Pham, Hoppe, Griffin, and Reidman were physicians employed at CCI.

Plaintiff alleges as follows. Between June 6, 2002 and January 22, 2003, Plaintiff was nearly always housed in a suicide watch cell. The cells were often filthy and sometimes smeared with feces. Plaintiff was clad only in paper underwear, with no mattress or bedding of any kind. Plaintiff was forced to lie on the bare concrete floor, with temperatures at night between forty and fifty degrees. He was unable to sleep and paced the floor to stay warm. During suicide watch, Plaintiff was not allowed to shower or change his underwear, and he was denied toilet paper on the pretext that he might misuse it to cover his cell window. Plaintiff was not permitted to have cleaning or hygiene supplies, such as soap, tooth powder and disinfectant. Plaintiff lived under these conditions twenty-four hours a day, sometimes for weeks on end, completely idle in an unheated cell.

Defendants Baroya, Nguyet, Pham, Hoppe, Griffin, and Reidman either authorized, approved, or knowingly acquiesced to the custodial staff's denial of basic essentials to Plaintiff, and also promulgated or acquiesced to the suicide watch protocols.

///

---

[3] This summary includes Plaintiff's claims in the Second Amended Complaint found cognizable by the Court on March 20, 2009, and Plaintiff's related allegations against defendants Baroya, Nguyet, Pham, Hoppe, Griffin, and Reidman, upon which this case now proceeds. (Doc. 23.)

2

Plaintiff suffered from body aches, chills, numbness, muscle cramps, and severe pain in his lower back and neck. Plaintiff requests monetary damages as relief.

**Eighth Amendment Claim - Adverse Conditions of Confinement**

Plaintiff is proceeding on claims that Defendants violated his rights under the Eighth Amendment by subjecting him to unconstitutional housing conditions. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

The denial of adequate clothing may, under certain circumstances, rise to the level of an Eighth Amendment violation. Walker v. Sumner, 14 F.3d 1415, 1421 (9th Cir. 1994). In addition, the Eighth Amendment guarantees sanitation, Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), including personal hygiene supplies such as soap and toothpaste, Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).

**III.   VEXATIOUS LITIGANTS -- LEGAL STANDARDS**

Local Rule 151(b) of the Eastern District of California authorizes the Court, on its own motion or on motion of a party, to "order a party to give a security, bond, or undertaking in such an amount as the Court may determine to be appropriate." L.R. 151(b). This Court has adopted "the provisions of

///

3

Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, on [which] basis the Court may order the giving of a security." Id.

Title 3A, part 2, of the California Code of Civil Procedure defines a "vexatious litigant" as "a person who does any of the following:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence."

Cal.Civ.Proc.Code § 391(b). "Litigation" is defined as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." Cal.Civ.Proc.Code § 391(a). Under § 391.1, a defendant may bring a motion for an order requiring the plaintiff to furnish security, "based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant." Cal.Civ.Proc.Code § 391.1. Other sources also permit the court to order a plaintiff to post security. Simulnet East Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994); In re Merrill Lynch Relocation Management, Inc., 812 F.2d 1116, 1121 (9th Cir. 1987).

Under the All Writs Act, 28 U.S.C. § 1651, district courts have the power to issue an injunction against vexatious litigants and repetitive litigation. DeLong v. Hennessey, 912 F.2d 1144 1147 (9th Cir. 1990); Wood v. Santa Barbara Chamber of Commence, Inc., 705 F.2d 1515, 1524 (9th Cir. 1983) (citing Clinton v. United States, 297 F.2d 899 (9th Cir. 1961)). "'Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used

4

to consider the meritorious claims of other litigants.'" Moski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting DeLong, 912 F.2d at 1148). However, pre-filing orders, which may restrict a litigant's future filing of actions or papers without leave of the court, should rarely be filed and should "'remain very much the exception to the general rule of free access to the courts.'" DeLong, 912 F.2d at 1147 (quoting Pavlonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)). Before declaring a litigant "vexatious" and issuing a pre-filing order, the Court must (1) provide the litigant with adequate notice and an opportunity to oppose the entry of the order, (2) create an adequate record for review, (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) narrowly tailor the order to closely fit the specific vice encountered. DeLong 912 F.2d at 1147-48. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order [is] needed," and at the least, a showing "that the litigant's activities were numerous or abusive." Id. at 1147. To find frivolousness, "the district court needs to look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." Id. (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)). To show a pattern of harassment, the court "needs 'to discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court.'" Id.

**IV.    DEFENDANTS' MOTION**

Defendants move the Court for an order declaring Plaintiff a vexatious litigant and requiring him to post security in an amount not less than $3,400.00 before the present action is permitted to proceed. Defendants also request the Court to issue a pre-filing order restricting Plaintiff's future filings.

### 1.    Motion to Declare Plaintiff a Vexatious Litigant

Defendants argue that Plaintiff is a "vexatious litigant" within the meaning of § 391(b)(1)(i) because he has commenced, prosecuted, or maintained, in pro per, more than five unsuccessful lawsuits in the past seven years. Defendants submit a list of twenty-one lawsuits, with documentary evidence, which they contend were filed, prosecuted, or maintained by Plaintiff in pro per in the past seven years, with unsuccessful results. (Motion, Doc. 54-1 at 6-7; Exhibits to Defendants' Request for Judicial Notice ("RJN"), Docs. 54-8, 54-9, 54-10, 54-11.)

1. *Hendon v. Ramsey*
    U.S. District Court for the Southern District of California, case no. 3:05-cv-1256. Dismissed for failure to serve process on March 20, 2006. (RJN, Ex. 1.)

2. *Hendon v. Rogel*
    U.S. District Court for the Eastern District of California, case no. 2:05-cv-01063. Dismissed for failure to state a claim on August 28, 2006. (RJN, Ex. 2, 3 and 4.)

3. *Hendon v. R.J. Donovan Correctional Facility*
    U.S. District Court for the Southern District of California, case no. 3:06-cv-01502. Dismissed for lack of subject matter jurisdiction on February 7, 2007. (RJN, Ex. 5 and 6.)

4. *Hendon v. White*
    U.S. District Court for the Eastern District of California, case no. 2:06-cv-02385. Voluntary dismissal on August 21, 2007. (RJN, Ex. 7.)

5. *Hendon v. Knowles*
    U.S. District Court for the Eastern District of California, case no. 2:05-cv-01061. Dismissed for failure to exhaust administrative remedies on September 21, 2007. (RJN, Ex. 8, 9, and 10.)

6. *Hendon v. Calderon*
    U.S. District Court for the Eastern District of California, case no. 1:05-cv-01248. Dismissed for failure to exhaust administrative remedies on October 15, 2007. (RJN, Ex. 11 and 12.)

7. *Hendon v. White*
    U.S. District Court for the Eastern District of California, case no. 2:07-cv-01825. Dismissed for failure to state a claim on February 5, 2008. (RJN, Ex. 13, 14 and 15.)

8. *Hendon v. Baroya*
    U.S. District Court for the Eastern District of California, case no. 1:05-cv-00838. Dismissed for failure to exhaust administrative remedies on February 20, 2008. (RJN, Ex. 16, 17 and 18.)

9. *Hendon v. California State Prison, Sacramento*
    U.S. District Court for the Eastern District of California, case no. 2:06-cv-01901. Dismissed for failure to complete and return forms necessary to effectuate service on September 25, 2008. (RJN, Ex. 19, 20 and 21.)

10. *Hendon v. Baroya*
    U.S. District Court for the Eastern District of California, case no. 1:05-cv-00981. Dismissed as duplicative action on October 21, 2008. (RJN, Ex. 22 and 23.)

11. *Hendon v. Calderon*
    U.S. District Court for the Eastern District of California, case no. 1:08-cv-00139. Dismissed for failure to exhaust administrative remedies on September 11, 2009. (RJN, Ex. 24, 25 and 26.)

12. *Hendon v. California Department of Corrections and Rehabilitation*
    U.S. District Court for the Eastern District of California, case no. 2:07-cv-00514. Summary Judgment for Defendants on September 30, 2009. (RJN, Ex. 27, 28 and 29.)

13. *Hendon v. Peterson*
U.S. District Court for the Eastern District of California, case no. 1:05-cv-00839. Dismissed for failure to exhaust administrative remedies on September 2, 2010. (RJN, Ex. 30, 31 and 32.)

14. *Hendon v. Baroya*
U.S. District Court for the Eastern District of California, case no. 1:09-cv-00911. Dismissed for failure to pay filing fee on September 13, 2010. (RJN, Ex. 33 and 34.)

15. *Hendon v. Knowles*
U.S. District Court for the Eastern District of California, case no. 2:09-cv-02935. Dismissed for failed to file application to proceed in forma pauperis or pay the filing fee on October 1, 2010. (RJN 35, 36 and 37.)

16. *Hendon v. Rogel*
Ninth Circuit Court of Appeals, case no. 06-17123. Dismissed for lack of jurisdiction on January 25, 2007. (RJN 38.)

17. *Hendon v. Witcher, et al.*
Ninth Circuit Court of Appeals, case no. 07-16592. Judgment of dismissal affirmed on December 24, 2008. (RJN 39, 40 and 41.)

18. *Hendon v. Knowles, et al.*
Ninth Circuit Court of Appeals, case no. 07-16735. Judgment of dismissal affirmed on April 21, 2009. (RJN Ex. 42, 43, and 44.)

19. *Hendon v. Baroya, et al.*
Ninth Circuit Court of Appeals, case no. 08-15489. Judgment of dismissal affirmed on June 18, 2009. (RJN, Ex. 45, 46 and 47.)

20. *Hendon v. White, et al.*
Ninth Circuit Court of Appeals, case no. 08-15586. Judgment of dismissal affirmed on April 21, 2009. (RJN, Ex. 48, 49 and 50.)

21. *Hendon v. CDCR, et al.*
Ninth Circuit Court of Appeals, case no. 09-17361. Dismissed for failure to prosecute on February 8, 2010. (RJN, Ex. 51 and 52.)

In opposition, Plaintiff argues that instead of evaluating his status as a "vexatious litigant" under § 391 and entering a pre-filing order, the Court should require a showing of imminent danger under the provisions of 28 U.S.C. § 1915(g), based on Plaintiff's litigation history.

The Court takes judicial notice of the court records submitted as exhibits by Defendants.[4] Fed. R. Evid. 201(d); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645

///

---

[4] Defendants bring a request for judicial notice of these records . (Doc. 54-8.) By this order, the request is granted.

F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981) (the court may take judicial notice of court records).

Defendants' evidence demonstrates that Plaintiff was unsuccessful in each the twenty-one actions listed above. However, to find Plaintiff "vexatious" under § 391(b)(1)(i), at least five litigations must have been "finally determined adversely" to Plaintiff within the meaning of the statute. Cal.Civ.Proc.Code § 391(b)(1)(i). Defendants cite In re Whitaker, which holds that the issue, when determining what actions may be counted toward a vexatious litigant declaration, is not the exact number of dispositions, but that the litigant *has not won* the actions he began in the court.[5] In re Whitaker, 6 Cal.App.4th 54, 56 (1992) (emphasis added) (citing examples such as stricken complaints, failure to serve, and failure to furnish security.) Defendants further cite Tokerud v. Capitolbank Sacramento, which holds that actions "finally adversely determined" include cases either voluntarily or involuntarily dismissed without prejudice. Tokerud v. Capitolbank Sacramento, 38 Cal.App.4th 775, 780-81 (1995). Using these guidelines, the Court finds that Plaintiff has five or more cases which fall within the provisions of § 391(b)(1)(i).[6]

    1. *Hendon v. Ramsey*
        U.S. District Court for the Southern District of California, case no. 3:05-cv-1256. Dismissed for failure to serve process on March 20, 2006. (Defendants' Request for Judicial Notice (RJN), Doc. 54-8, Ex. 1.)

    2. *Hendon v. Rogel*
        U.S. District Court for the Eastern District of California, case no. 2:05-cv-01063. Dismissed for failure to state a claim on August 28, 2006. (RJN, Ex. 2, 3 and 4.)

    3. *Hendon v. White*
        U.S. District Court for the Eastern District of California, case no. 2:06-cv-02385. Voluntary dismissal on August 21, 2007. (RJN, Ex. 7.) [dismissed without prejudice]

    4. *Hendon v. Knowles*
        U.S. District Court for the Eastern District of California, case no. 2:05-cv-01061. Dismissed for failure to exhaust administrative remedies on September 21, 2007. (RJN, Ex. 8, 9, and 10.) [dismissed without prejudice]

---

[5] In light of the Ninth Circuit's adoption of the provisions of Title 3A, part 2, of the California Code of Civil Procedure relating to vexatious litigants, it is appropriate to consider the holdings of California courts for guidelines of what constitutes a litigation "finally determined adversely" under § 391(b)(1)(i).

[6] By listing these five cases, the Court does not imply that these are the only cases on Defendants' list which fall within the provisions of § 391(b)(1)(i).

5. *Hendon v. Calderon*
U.S. District Court for the Eastern District of California, case no. 1:05-cv-01248. Dismissed for failure to exhaust administrative remedies on October 15, 2007. (RJN, Ex. 11 and 12.) [dismissed without prejudice]

The cases cited directly above adequately demonstrate that in the seven years preceding the filing of this action, Plaintiff has commenced, prosecuted or maintained at least five actions that were "determined adversely" to Plaintiff. Therefore, the Court finds Plaintiff to be a "vexatious litigant" within the meaning of § 391(b)(1)(i).

### 2.  Motion to Require Payment of Security

Defendants argue under § 391.1 that because Plaintiff is a vexatious litigant and there is no reasonable probability that he will prevail in this action, the Court should require Plaintiff to post security of $3,400.00 in attorney's fees, the amount incurred by Defendants for preparation of this motion, before this action is allowed to proceed. Defendants maintain that Plaintiff's own records undermine his claim that he was subjected to unconstitutional prison conditions in violation of his Eighth Amendment rights.

First, Defendants argue that Plaintiff cannot show that any of the alleged deprivations were sufficiently serious, because Plaintiff was, at most, subjected to suicide precaution for fourteen days at a time, and he was provided with clothing, blankets, food, and a working toilet. (*See generally* Exh. A to Motion, Doc. 54-3.) Defendants maintain that Plaintiff's claim that he was subjected to extremely cold conditions is contradicted by records of the inside temperatures of the infirmary, where temperatures were recorded every three hours and the lowest temperature reading is 67 degrees. (*See generally* Ex. C. to Motion, Doc. 54-5.) Defendants also assert that Plaintiff filed a separate lawsuit claiming that, during this same time period, he was "almost always" removed from suicide watch and placed in cells not equipped for suicidal inmates that had clothing, sheets, and towels. (Defts' Request for Judicial Notice, Ex. 53, Doc. 54-12.) Defendants also submit evidence that Plaintiff has admitted that he should not be permitted to have certain property because he could hurt himself with it. (Id.)

Second, Defendants argue that Plaintiff cannot demonstrate that they acted with deliberate indifference. Defendants submit evidence that Plaintiff was seen hourly by medical providers and

9

almost daily by mental health professionals, and that Plaintiff's complaints noted in his medical file were promptly addressed by prison staff. (*See generally* Ex. A to Motion, Doc. 54-3.) Defendants also argue that because Plaintiff cannot show that he was subjected to unconstitutional conditions of confinement, it follows that he cannot show that Defendants "implemented a policy [for suicide watch protocols] so deficient that the policy 'itself is a repudiation of constitutional rights and is the *moving force* of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (emphasis added; internal citations omitted).

Before requiring Plaintiff to post security under § 391.1, the Court must find that "there is not a reasonable probability that [Plaintiff] will prevail in [this] litigation against the moving defendant[s]." Cal.Civ.Proc.Code § 391.1. In making this determination, the Court is empowered to weigh evidence presented on the security motion, and is not required merely to assume the truth of Plaintiff's alleged facts and determine only whether Plaintiff's claims are foreclosed as a matter of law. Moran v. Murtaugh Miller Meyer & Nelson, LLP, 40 Cal.4th 780, 152 P.3d 426 (2007).

Defendants' evidence is not sufficient to show that Plaintiff's deprivations were not serious enough for him to prevail in this action. Where the conditions of confinement are challenged, a plaintiff must first make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. Johnson, 217 F.3d at 731 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson, 503 U.S. at 9 (citations and quotations omitted). Defendants argue that the duration of Plaintiff's deprivation was not long enough because Plaintiff was, at most, subjected to suicide watch for fourteen days at a time, and that the conditions were not adverse enough because Plaintiff was provided with clothing, blankets, food, and a working toilet while on suicide watch. These arguments are unavailing. First, Plaintiff has not complained that he was denied food or a working toilet. Next, Defendants have not cited any authority, nor is the Court aware of any authority, supporting the argument that fourteen days, twenty-four hours a day, is a brief time for an inmate to be deprived of basic needs, even if temporary. Further, the Court

was unable to find Defendants' evidence that Plaintiff was provided with clothing and blankets while on suicide watch. Defendants did not appropriately refer to the documents in Exhibit A to assist the Court in locating their evidence.[7] With respect to the temperature in Plaintiff's cell, Defendants have submitted evidence refuting Plaintiff's claim that the cells were unheated. (Exh. C to Motion, Doc. 54-5.) However, Defendants fail to address Plaintiff's allegations that the cells were often filthy and sometimes smeared with feces, and that he was denied cleaning and hygiene supplies, such as soap, tooth powder, toilet paper, and disinfectant. The Eighth Amendment guarantees sanitation, <u>Hoptowit</u>, 682 F.2d at 1246, including personal hygiene supplies such as soap and toothpaste, <u>Keenan</u>, 83 F.3d at 1091.

Defendants also fail to support their argument that Plaintiff cannot show deliberate indifference in this action. Defendants only offer evidence that Plaintiff was regularly seen by medical professionals, and that Plaintiff's complaints in his medical file were promptly addressed. This evidence is not relevant to the claims upon which this case proceeds. Plaintiff is proceeding in this action on a claim that he was subjected to unconstitutional housing conditions, not unconstitutional medical conditions.

Based on Defendants' arguments, the Court cannot make a finding that there is not a reasonable probability that Plaintiff will prevail in this action. Therefore, Defendants' motion for an order requiring Plaintiff to post security must be denied.

### 3.    **Motion for Pre-filing Order**

Defendants move the Court for a pre-filing order restricting Plaintiff's future filings. Defendants argue that because Plaintiff has filed at least twenty-one cases in the past seven years in which he did not prevail, Plaintiff is inappropriately using the court system to punish prison personnel for any conduct for which he does not approve.

Defendants have not satisfied the requirement of the <u>DeLong</u> court to show that Plaintiff's filings are frivolous or harassing. Before entering a pre-filing order, the Court must have evidence that either

---

[7] Defendants' Exhibit A consists of 267 pages of records submitted to the Court under seal for *in camera* review. Many of the records contain illegible handwritten notations, and Defendants have not directed the Court's attention to any specific documents or pages within the 267 pages. Instead, Defendants direct the Court to "*see generally* Ex. A." This is insufficient. It is not the duty of the Court to wade through all of Defendants' exhibits to determine whether or not evidence exists to support Defendants' arguments.

(1) Plaintiff has filed numerous actions containing frivolous claims, or that (2) Plaintiff has filed several similar types of actions with the intent to harass the defendant or the court. DeLong 912 F.2d at 1147. Before the Court can find frivolousness for purposes of a pre-filing order, there must be evidence of "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Id. To find a pattern of harassment, there must be evidence that Plaintiff filed "several similar types of actions[, intending] "to harass the defendant or the court.'" Id. Defendants have not submitted evidence of the frivolous content of Plaintiff's numerous filings, or of several similar types of actions filed by Plaintiff with the intent to harass the defendant or the court. Therefore, Defendants' motion for a pre-filing order shall be denied.

## V.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to declare Plaintiff a "vexatious litigant" within the meaning of California Code of Civil Procedure § 391(b) is GRANTED;
2. The Court declares Plaintiff to be a "vexatious litigant" within the meaning of California Code of Civil Procedure § 391(b);
3. Defendants' motion to require Plaintiff to post security is DENIED; and
4. Defendants' motion for the Court to enter a pre-filing order against Plaintiff is DENIED.

IT IS SO ORDERED.

Dated:   **July 7, 2011**                               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE