KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
VICKIE P. WHITNEY, State Bar No. 145316
Supervising Deputy Attorney General
TODD DARROW IRBY, State Bar No. 153485
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-3035
  Fax: (916) 324-5205
  E-mail: Todd.Irby@doj.ca.gov
*Attorneys for Defendants Baroya, Riedman, Nguyet,*
*Griffin, Pham and Hoppe*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **CARLOS HENDON,** | 1:05-cv-1247 AWI GSA (PC) |
| Plaintiff, | **REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING** |
| v. | |
| **BAROYA, ET AL.,** | |
| Defendant. | |

**INTRODUCTION**

On October 12, 2010, Defendants Baroya, Riedman, Nguyet, Griffin, and Pham (Defendants), filed a motion seeking to have Plaintiff declared a vexatious litigant, requiring him to post security before the matter is permitted to proceed, and imposing a pre-lawsuit filing order. (Court Docket (CD) 54.)  Defendants' motion was accompanied by a request that the Court take judicial notice of more than twenty-one lawsuits that have been decided against Plaintiff during the past seven years.  (CD 54-8, 9, 10, 11.)

On July 8, 2011, the Magistrate Judge granted Defendants' motion to declare Plaintiff a vexatious litigant, but denied their request for security and a pre-filing order.  (CD 70, generally.)

1

1    In response, Defendants request that the District Court reconsider those portions of the

2    Magistrate's ruling denying Defendants' request for security and a pre-filing order, on the basis

3    that: (1) Defendants have presented sufficient, clearly-documented evidence to demonstrate that

4    there is a reasonable probability that Plaintiff will not prevail in this litigation; and (2) Defendants

5    have presented sufficient evidence of the frivolous or harassing nature of Plaintiff's prior claims

6    to justify the imposition of a pre-filing order.

7                                    **ARGUMENT**

8    **I.    THE DISTRICT COURT SHOULD RECONSIDER THE MAGISTRATE JUDGE'S RULING
         DENYING DEFENDANTS' REQUESTS FOR SECURITY AND A PRE-FILING ORDER**

9    **    BECAUSE THE BASES FOR THE COURT'S DECISION WERE CLEARLY ERRONEOUS.**

10        **A.    Standard of Review.**

11        Under Rule 303 of the United States District Court for the Eastern District of California,

12   once a Magistrate Judge has issued a ruling regarding a pretrial matter not dispositive of a party's

13   claim or defense, a party may request reconsideration of the ruling by a District Judge within

14   fourteen days of the date that the ruling is served on the parties.  E.D. Cal. R. 303(b), (c); Fed. R.

15   Civ. P. 72(a).  The standard that the assigned District Judge shall use in all such requests is the

16   "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  E.D. Cal. R.

17   303(f).

18        On July 8, 2011, the Magistrate Judge granted Defendants' motion to declare Plaintiff a

19   vexatious litigant.  (CD 70 at 9:6-7.)  However, the Court denied Defendants' request for an order

20   requiring Plaintiff to post security based upon: (1) Defendants' alleged failure to produce

21   sufficient evidence to "show that Plaintiff's [alleged] deprivations were not serious enough for

22   him to prevail in this action" (CD 70 at 10:14-15); (2) Defendants' alleged failure to appropriately

23   refer to supporting documents in their motion so as to assist the Court in locating their evidence

24   (*Id*. at 10:27-11:3); (3) Defendants' alleged failure to address Plaintiff's allegations that the cells

25   [in which he was housed] "were often filthy and sometimes smeared with feces, and that he was

26   denied cleaning and hygiene supplies, such as soap, tooth powder, toilet paper, and disinfectant"

27   (*Id*. at 11:5-7); and (4) Defendants' alleged failure to provide sufficient evidence to "support their

28   argument that Plaintiff cannot show deliberate indifference in this action" (*Id*. at 9-10.)  Based

                                         2

1   upon the foregoing, the Court concluded that it "cannot make a finding that there is not a

2   reasonable probability that Plaintiff will prevail in this action." (*Id.* at 14-15.)  In addition, the

3   Magistrate Judge denied Defendants' request for a pre-filing order because of Defendants'

4   purported failure to submit evidence of the "frivolous content of Plaintiff's numerous filings, or

5   of several similar types of actions filed by Plaintiff with the intent to harass the defendant or the

6   court." (*Id* at 12:6-8.)  For each of the reasons set forth below, the Court's bases for its ruling

7   were clearly erroneous.

8       **B.   The Court Should Require Plaintiff to Post Security Because Defendants
           Have Produced Sufficient Factual Evidence to Demonstrate that Plaintiff
9           Lacks a Reasonable Probability of Prevailing on his Claims.**

10          To violate the Eighth Amendment's prohibition against cruel and unusual punishment, an

11   inmate's conditions of confinement must involve "the wanton and unnecessary infliction of pain."

12   *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  In order to prove that prison officials have

13   violated an inmate's right to be free from inhumane conditions of confinement, a Plaintiff's

14   Eighth Amendment claim must meet two requirements, one objective and one subjective. *Farmer*

15   *v. Brennan*, 511 U.S. 825, 834 (1994).  Under the objective standard, an inmate must show that he

16   was deprived of the "minimal civilized measures of life's necessities." *Id.* (quoting *Rhodes*, 452

17   U.S. at 347.)  To satisfy the subjective standard, the inmate must show that prison officials acted

18   with a sufficiently culpable state of mind.  *Id.* at 834.  In this case, Defendants' evidence clearly

19   demonstrates that Plaintiff's claims fail to satisfy either standard.

20          **1.   Plaintiff's alleged deprivation was not sufficiently serious to
             constitute an Eighth Amendment violation.**

21

22          To determine whether an inmate's alleged deprivation is sufficiently serious to satisfy an

23   Eighth Amendment claim's objective component, a court must consider the circumstances, nature,

24   and duration of the deprivation. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979).  The more

25   basic the need, the shorter time it may be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th

26   Cir. 2000).  While exposing an inmate to a lack of sanitation that is severe or prolonged can

27   constitute an infliction of pain within the meaning of the Eighth Amendment (*see Anderson v.*

28   *County of Kern*, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995)), courts have held

3

1   that housing mentally disturbed inmates in "safety cells" for lengthy periods of time (*Anderson*,

2   45 F.3d at 1313), or subjecting a pretrial detainee to an overflowed cell sink for six days (*Jones v.*

3   *Solano County Sheriff*, No. CIV S-07-1937 (MCE JFM P), 2008 U.S. Dist. LEXIS 5653, *6-7

4   (E.D. Cal. Jan. 25, 2008)), do not constitute cognizable deprivations under § 1983.

5         Here, Defendants' uncontroverted evidence demonstrates that none of the alleged

6   deprivations qualify as Eighth Amendment violations.  Defendants acknowledge that Plaintiff

7   was placed on suicide precaution status at California Correctional Institution's Outpatient

8   Housing Unit (OHU), on seven separate occasions between June 6, 2002, and January 22, 2003.

9   (CD 54-1 at 2:2-4.)  Further, Defendants do not argue, as asserted by the Magistrate Judge, that

10  "fourteen days, twenty-four hours a day, is a brief time for an inmate to be deprived of basic

11  needs, even if temporary."  (CD 70 at 10:25-27.)  Instead, Defendants contend, and have

12  presented ample evidence to support, that Plaintiff's allegations of inhumane treatment by

13  Defendants are baseless.

14        Plaintiff's allegation, in the operative Second Amended Complaint, that he was "often

15  placed in filthy, sometimes feces-smeared cells, where he was left virtually unclothed --clad only

16  in paper underwear, with no mattress or bedding of any kind" (CD 18 at 3, ¶ IV), is a gross

17  misrepresentation of fact.  Contrary to Plaintiff's contentions, Plaintiff's care and treatment were

18  closely monitored by Defendants and other medical professionals during each of the periods when

19  he was under suicide watch.  Thus, as documented in Plaintiff's extensive medical records, filed

20  under seal with this request,[1] Plaintiff's assertions of inhumane treatment at the hands of

21  Defendants have no basis in fact.

22        Specifically, on each of the seven occasions that Plaintiff was admitted to the OHU,

23  purportedly suffering from depression and suicidal thoughts, between June 6, 2002, and January

24  17, 2003, Defendants, as well as other treating personnel, provided him with a t-shirt, boxers

25                          _____

26         [1] While Defendants submitted a complete set of Plaintiff's medical records for the relevant
time period to the Court, under seal, contemporaneously with Defendants' motion (CD 54-3),

27  Defendants are resubmitting, under seal, a duplicate copy of Plaintiff's medical records, identified
as Exhibit A, and Bates stamped HENBAR000001-267, with this Request to assist the Court in
its review.

28

1  (shorts), socks and a blanket as a suicide precaution.  (Ex. A at 000018; 000088; 000122; 000181;

2  000203; 000227; 000250.)

3      Moreover, as accurately noted by the Court in its ruling, Defendants have submitted

4  sufficient evidence to refute Plaintiff's claim that "during all relevant times the temperature [in

5  Plaintiff's cell] at night plummeted [to] between 50 and 40 degrees, which exacerbated the effects

6  of the concrete floor" (CD 18 at 4, ¶ 4).  (CD 70 at 11:3-5.)

7      Finally, Plaintiff's claims that he "was often *placed* in filthy, sometimes feces-smeared

8  cells" (CD 18 at 3, ¶ IV) (emphasis added), and that he was "denied toilet paper during these

9  times, on the pretext that he might misuse it to cover cell window" (*Id*. at 4, ¶ 3), are equally

10  specious.  As clearly documented in Plaintiff's medical records, Plaintiff was never *placed* in a

11  feces-smeared cell during any of his OHU admissions; to the extent that the walls of his cell were

12  smeared with fecal matter, *Plaintiff did the smearing of his own feces.*  (Ex. A at 000113.)

13  Moreover, when asked why he smeared his feces on the walls of his cell, as well as his cell's

14  wall-mounted security television camera, Plaintiff replied "I like it that way."  (*Id.*)  Further, on at

15  least one occasion, *Plaintiff was provided with extra toilet paper.*  (*Id*. at 000258.)  Thus, contrary

16  to the Court's ruling, Defendants' evidence clearly demonstrates that Plaintiff is unable to show

17  that his alleged deprivations were sufficiently serious to demonstrate the existence of an Eighth

18  Amendment violation.

19          **2.    Defendants were not deliberately indifferent to Plaintiff's needs.**

20      To prevail on a deliberate indifference claim, Plaintiff must plead that Defendants had

21  actual knowledge of a substantial risk to his safety, or that the risk was so obvious from the

22  underlying facts that knowledge can be inferred.  *Farmer*, 511 U.S. at 842.  A prison official

23  cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of

24  confinement unless the standard for criminal recklessness is met, which requires that the official

25  both know of and disregard an excessive risk to the inmate's health or safety.  *See Farmer*, 511

26  U.S. at 837.

27      As detailed above, Defendants have produced substantial evidence to demonstrate that they

28  were not deliberately indifferent to Plaintiff's needs during any of his seven OHU stays.

1   Moreover, during each of the foregoing stays, Plaintiff's condition was monitored by numerous

2   mental health professionals, including Defendants, on nearly a daily basis, in addition to nurses

3   on an hourly basis.  (*Id.* at 000002-000079; 000081-000104; 000106-000170; 000172-000193;

4   000195-000212; 000214-000239; 000241-000267.)  Additionally, Plaintiff's medical records

5   contain no complaints by Plaintiff regarding his housing conditions.  (*Id.*)  Each evidentiary item

6   submitted by Defendants is clearly relevant for the purpose of contravening Plaintiff's claims that

7   he was subjected to unconstitutional housing conditions, and thus, increases the reasonable

8   probability that Plaintiff will not prevail in this litigation.

9        Given the foregoing evidence, Defendants contend that this Court, having found that

10   Plaintiff is a vexatious litigant based upon his abusive litigation history, in conjunction with the

11   clearly-documented frivolousness of Plaintiff's claims raised in this action, has an ample basis

12   upon which to require Plaintiff to post security for this lawsuit.  *See Andrews v. Guzman*, No. CIV

13   S-04-1107 (JAM GGH P), 2009 U.S. Dist. LEXIS 21553,*31-32 (E.D. Cal. Mar. 9, 2009).

14        **C.    The Court Should Enter a Pre-Filing Order Because Defendants Have
          Produced Sufficient Factual Evidence to Demonstrate that Plaintiff has**
15        **Filed Numerous Lawsuits Intending to Harass Defendants or the Court.**

16            **1.    Standard of review.**

17        Pre-filing orders, in which a complainant is required to obtain approval from a United

18   States Magistrate Judge or District Judge prior to filing a complaint, can be appropriate in certain

19   instances, but "should rarely be filed."  *Clark v. Nevans*, No. S-07-1086 (FCD KJM PS), 2007

20   U.S. Dist. LEXIS 76898, *8 (E.D. Cal. Oct. 16, 2007) (citing *De Long v. Hennessey*, 912 F.2d

21   1144, 1147 (9th Cir. 1990) (discussing requirements, under the All Writs Act, 28 U.S.C. §

22   1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing

23   any future suits).  However, as outlined in *De Long*, under the statute, a court may restrict

24   litigants who have lengthy histories of engaging in abusive litigation, from submitting future

25   actions or papers for filing provided that the court: (1) gives the litigant an opportunity to oppose

26   the order before it is entered (i.e. notice); (2) creates an adequate record for review, listing the

27   pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) makes

28   substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) drafts

6

1   a sufficiently detailed, narrowly tailored, order.  *De Long*, 912 F.2d at 1147-48.  Here, like *De*

2   *Long*, in which the court upheld a pre-filing order, there is ample evidence of Plaintiff's lengthy

3   history of filing harassing lawsuits against the majority of the named defendants to justify a pre-

4   filing order from this Court.

5              **2.    Plaintiff has filed at least four actions intending to harass Defendants**
                       **or the court.**
6

7        The Magistrate Judge determined that Plaintiff is a vexatious litigant.  (CD 70 at 9:4-7.)

8   However, the Court declined to require Plaintiff to obtain a pre-filing order based upon its belief

9   that "Defendants have not submitted evidence of the frivolous content of Plaintiff's numerous

10  filings, *or of several similar types of actions filed by Plaintiff with the intent to harass the*

11  *defendant or the court*."  (*Id.* at 12:6-8.)  (Emphasis added.)  For the reasons set forth, below,

12  Defendants contend that the Magistrate Judge's refusal to grant Defendants' requested pre-filing

13  order is clearly erroneous.

14       Between August 2005 and May 2009, Plaintiff filed three actions in this court alleging

15  nearly identical claims against virtually the same defendants as those in this action.  Plaintiff has

16  not prevailed in any of those matters.

17       In *Hendon v. Baroya*, U.S. District Court for the Eastern District of California, case no.

18  1:05-cv-00838, filed June 27, 2005 (a true copy of this matter is attached as Exhibit B), Plaintiff

19  claimed that Defendants Fam (sic), Hamilton[2], Baroya, Griffin and Reidman violated his Eighth

20  Amendment rights through their "deliberate indifference to [Plaintiff's] serious medical needs" by

21  their: (1) repeated decisions to remove Plaintiff from suicide watch, despite their alleged

22  knowledge of Plaintiff's suicidal tendencies; (2) creation or continuance of the unconstitutional

23  policies which permitted Plaintiff to be taken off suicide watch; and (3) collective failure to

24  remove Plaintiff from cells that were not equipped for suicidal inmates because they had

25  "surfaces with which [Plaintiff] could harm [himself], and contained items such as *clothing,*

26

27       [2] On October 20, 2010, Defendant Hamilton was dismissed from this matter based upon
     Plaintiff's failure to provide sufficient information to effect service.
28

1    *sheets, towels[3], and other things that could be used to tie and suspend items.*" (Ex. B at 5-7.)

2    (Emphasis added.)  This matter was dismissed, due to Plaintiff's failure to exhaust his

3    administrative remedies, on October 16, 2007.  (A true copy of the Court's Findings and

4    Recommendations recommending the dismissal of the action is attached as Exhibit C.)

5       In *Hendon v. Baroya*, U.S. District Court for the Eastern District of California, case no.

6    1:05-cv-00981, filed August 1, 2005 (a true copy of this matter is attached as Exhibit D), Plaintiff

7    renewed his claims that Defendants Fam (sic), Hamilton, Baroya, Griffin and Reidman violated

8    his Eighth Amendment rights through their "deliberate indifference to [Plaintiff's] serious

9    medical needs" by: (1) their abrupt decision to take Plaintiff off suicide watch despite their

10    alleged knowledge of Plaintiff's suicidal tendencies; (2) their creation or continuance of the

11    unconstitutional policies which permitted Plaintiff to be taken off suicide watch; and (3) their

12    collective failure to take steps to prevent Plaintiff from attempting suicide or engaging in self-

13    injurious behavior.  (Ex. C at 7-9.)  This matter was dismissed as duplicative of *Hendon v. Baroja*,

14    case no. 1:05-cv-00838, on October 22, 2008.  (A true copy of the order dismissing the action is

15    attached as Exhibit E.)

16       In *Hendon v. Baroja*, U.S. District Court for the Eastern District of California, case no.

17    1:09-cv-00911, filed May 22, 2009 (a true copy of this matter is attached as Exhibit F), Plaintiff,

18    for the third time, asserted his claims that Defendants Fam (sic), Hamilton, Baroya, Griffin and

19    Reidman violated his Eighth Amendment rights through their (1) repeated decisions to remove

20    Plaintiff from suicide watch, despite their alleged knowledge of Plaintiff's suicidal tendencies; (2)

21    creation or continuance of the unconstitutional policies which permitted Plaintiff to be taken off

22    suicide watch; and (3) collective failure to remove Plaintiff from cells that were not equipped for

23    suicidal inmates because they had "surfaces with which [Plaintiff] could harm [himself], and

24    contained items such as *clothing, sheets, towels,* and other things that could be used to tie and

25    suspend items. (Ex. F at 3.)  (Emphasis added.)  This matter was dismissed on September 13,

26    2010, following Plaintiff's failure to pay the $350.00 filing fee, in full, within thirty days of the

27

28

---

[3] Ironically, in this matter Plaintiff alleges that Defendants' purported failure to provide him with the same items evidenced their deliberate indifference to his serious medical needs.

1    Court's July 29, 2010 order, issued under 28 U.S.C. § 1915(g).  (A true copy of the order

2    dismissing the action is attached as Exhibit G.)

3       Finally, in addition to the foregoing matters, on November 19, 2010, Plaintiff filed a fifth

4    matter in this Court entitled *Hendon v. Baroja*, case no. 1:10-cv-02161.  (A true copy of this

5    matter is attached as Exhibit H.)  This matter, in which Plaintiff's claims against Defendant

6    Baroja are virtually duplicative of his claims in this action, was dismissed on February 4, 2011,

7    following his failure to pay the $350.00 filing fee in full, under 28 U.S.C. § 1915(g).  (A true

8    copy of the order dismissing the action is attached as Exhibit I.)

9       As detailed above, Plaintiff has filed several similar types of actions *against these*

10    *defendants* with the intent to harass them or the court.  Plaintiff did not prevail in any of the

11    matters.  Under *De Long*, this Court, contrary to the Magistrate Judge's ruling, has a sufficient

12    basis for granting Defendants motion for a pre-filing order.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

9

1

**CONCLUSION**

2      The Court has determined that Plaintiff is a "vexatious litigant" within the meaning of

3  California Code of Civil Procedure § 391(b).  Moreover, Defendants have presented this Court

4  with ample evidence to support a finding that there is a significant probability that Plaintiff will

5  not prevail in this action against Defendants.  Finally, Defendants have presented equally

6  probative evidence that, for more than five years, Plaintiff has pursued an unsuccessful campaign

7  to harass Defendants in this Court.  Given the foregoing, Defendants contend that there is

8  sufficient evidence for this Court to reverse the portions of the Magistrate Judge's ruling denying

9  Defendants' motion for security and a pre-filing order, and enter an order granting Defendants'

10  motion, in full.

11
       Dated:  July 19, 2011                          Respectfully submitted,
12
                                                       KAMALA D. HARRIS
13                                                     Attorney General of California
                                                       VICKIE P. WHITNEY
14                                                     Supervising Deputy Attorney General

15                                                     /s/ Todd Darrow Irby
                                                       TODD DARROW IRBY
16                                                     Deputy Attorney General
                                                       *Attorneys for Defendants*
17                                                     *Baroya, Riedman, Nguyet, Griffin, Pham*
                                                       *and Hoppe*
18  SA2009311706;
    31302089.doc
19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Hendon v. Baroya, et al.**
No.:          **1:05-cv-1247 AWI GSA (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 19, 2011**, I served the attached:

**REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING; EXHIBIT A(UNDER SEAL); EXHIBIT B-I; NOTICE OF REQUEST AND REQUEST FOR ORDER PERMITTING FILING OF DOCUMENTS UNDER SEAL; [PROPOSED] ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Carlos Duane Hendon, J-62763
California State Prison - Sacramento
P.O. Box 290066
Represa, CA  95671-0066
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 19, 2011**, at Sacramento, California.

| S. Burke | */s/ S. Burke* |
|----------|----------------|
| Declarant | Signature |

SA2009311706
31305405.doc