1
2
3
4
5
6
7
8

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   CARLOS HENDON,                    1:05-cv-01247-AWI-GSA-PC

13          Plaintiff,                 ORDER DENYING MOTION FOR
                                       RECONSIDERATION
14          vs.                        (Doc. 71.)

15   BAROYA, et al.,

16          Defendants.
     _____/
17

18                              **BACKGROUND**

19          Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

20   civil rights action pursuant to 42 U.S.C. § 1983.   Defendants filed a motion under Local Rule 151(b)

21   to declare Plaintiff a vexatious litigant, to require Plaintiff to post a security, and for the court to

22   enter a pre-filing order against Plaintiff.   The Magistrate Judge granted Defendants' motion to

23   declare Plaintiff a vexatious litigant, but he denied Defendants' motion to require a security and

24   Defendants' motion for a pre-filing order.

25          On July 19, 2011, Defendants filed a motion for reconsideration by the undersigned,

26   pursuant to Rule 72(a), of the portions of the Magistrate Judge's order that denied requiring Plaintiff

27   to file a security and denied creating a pre-filing order.

28                                        1

LEGAL STANDARDS

Rule 72(a) of the Federal Rules of Civil Procedure provides:

> **(a)**   **Nondispositive Matters.**  When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).   Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.  Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001);  Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is reconsideration to be used to ask the court to rethink what it has already thought.  Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008).

The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D.Or. 2007).   Some district courts have described the court's duty when deciding motions to reconsider discovery orders as follows:[1]

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

---

[1]  The court recognizes that the present motion does not concern discovery.  However, because these cases provide guidance when reconsidering of a Magistrate Judge's pre-trial order, the court finds this quote helpful when considering the pending motion in this action.

1  <u>Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.</u>, 2007 WL 4357672, at *2 (S.D.Cal. 2007);

2  <u>Paramount Pictures Corp. v. Replay TV</u>, 2002 WL 32151632, at * 1 (C.D.Cal.2002).

3                                             **DISCUSSION**

4         Defendants seeks reconsideration of the Magistrate Judge's order that denied Defendants

5  request that Plaintiff be required to file a security and entry of a pre-filing order.   In accordance with

6  the provisions of Rule 72(a), the undersigned has reviewed the motion.   The court finds that the

7  Magistrate Judge's order denying Defendants' motion to require Plaintiff to file a security and

8  require Plaintiff to be subject to a pre-filing order was neither clearly erroneous nor contrary to law.

9         In order for a federal district court to enter a pre-filing order against a vexatious litigant: (1)

10  the litigant must be given notice and chance to be heard before the order is entered, as required by

11  Due Process Clause; (2) the district court must compile an adequate record for review; (3) the district

12  court must make substantive findings about the frivolous or harassing nature of the plaintiff's

13  litigation; and (4) any pre-filing requirements must be narrowly tailored to closely fit the specific

14  vice encountered.   <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1058 (9th Cir. 2007);   <u>Delong</u>

15  <u>v. Hennesey</u>, 912 F.2d 1144, 1147-49 (9th Cir. 1990).   The court finds the Magistrate Judge's order

16  was correctly based these factors.

17         Defendants' reconsideration motion provides new legal arguments, submits new evidence,

18  and cites to where supporting evidence can be found in lengthy exhibits.   This new material was not

19  presented to the Magistrate Judge.   For example, Defendants now cite to specific cases Plaintiff has

20  brought against these particular Defendants in response to the Magistrate Judge's finding that

21  Defendants had not submitted evidence of "similar types of actions filed by Plaintiff with the intent

22  to harass the defendant or the court."   <u>See</u> July 8, 2011 Order at p. 12.   The court may disregard

23  new legal arguments and facts that are introduced for the first time in a motion for reconsideration.

24  <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001);   <u>Rosenfeld v. United States Dep't</u>

25  <u>of Justice</u>, 57 F.3d 803, 811 (9th Cir.1995). "Court opinions are not intended as mere first drafts,

26  subject to revision and reconsideration at a litigant's pleasure."  <u>Sanders v. Aranas</u>  2009 WL

27  530879, *2 (E.D.Cal. 2009); <u>Arguello v. Lee</u>, 2008 WL 4544477, *8 (D.Idaho 2008); <u>American</u>

28                                                   3

1   <u>Ass'n of People With Disabilities v. Hood</u>, 278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003).[2]   Thus,

2   reconsideration must be denied to the extent it is based on new arguments and evidence.   However,

3   even if the court were to now consider Defendants' additional arguments and evidence, the court

4   cannot grant reconsideration.

5       Preliminarily, the court notes that Plaintiff has been found to have "three strikes."   <u>See</u> <u>e.g.</u>,

6   <u>Hendon v. California Department of Corrections & Rebiliatation, et al.</u>, 2:10-cv-03471-KJM-CKD;

7   <u>Carlos Hendon v. Baroya</u>, 1:10-cv-02161-OWW-GSA; <u>Hendon v. Knowles et al.</u>,

8   2:09-cv-02935-FCD-EFB.   This means Plaintiff may not proceed in forma pauperis in any civil

9   action unless Plaintiffs shows he is "under imminent danger of serious physical injury."   <u>See</u> 28

10  U.S.C. § 1915(g).   As such, Plaintiff must pay the filing fee to proceed with almost any civil action

11  he may file.   The court notes that since Plaintiff was found to have three "strikes," Plaintiff has

12  never paid the $350 filing fee.   A review of Plaintiff's various applications to proceed in forma

13  pauperis dating back some seven years, including Plaintiff's most recent application, show Plaintiff

14  has no money or credit in his prison trust account.   <u>See</u>  <u>Hendon v. California Department of</u>

15  <u>Corrections & Rehabilitation, et al.</u>, 2:10-cv-03471-KJM-CKD, Document #2.[3]

16      The Ninth Circuit has explained that "orders restricting a persons's access to the courts must

17  be based on adequate justification supported in the record and ***narrowly tailored*** to address the abuse

18  perceived." <u>DeLong</u>, 912 F.2d at 1149. (9th Cir. 1990) (emphasis added).   Other than asking that

19  Plaintiff post a security and the court require a pre-filing order, Defendants have not provided any

20  specific guidelines for what restrictions the court should place on Plaintiffs' filings nor has the court

21

---

22      [2] There is an all too prevalent misconception of the litigation process, in which the "knocked-out
23  combatant" seeks to portray what has taken place as a "mere warmup" rather than as the main event.
    <u>Stefansson v. Equitable Life Assur. Society of U.S.</u>, 2007 WL 4373263, *1-*2 (M.D.Ga. 2007);
24  <u>American Ass'n of People With Disabilities v. Hood</u>,  278 F.Supp.2d 1337, 1340 (M.D.Fla. 2003);
    <u>Huffman v. Anderson</u>, 118 F.R.D. 97, 99 (N.D.Ind. 1987); <u>Settino v. City of Chicago</u>, 642 F.Supp. 755.
25  759 (N.D.Ill. 1986).

26
    [3]The court finds Plaintiff's status of having "three strikes" may be considered in fashioning a
27  remedy to Plaintiff's vexatious conduct.

28                                    4

1   determined restrictions that the court should put in place at this time that would be sufficiently

2   narrowly tailored.  Absent a drastic change in Plaintiffs' financial situation, requiring a security from

3   Plaintiff would have the result of prohibiting any and all lawsuits because Plaintiff could not pay the

4   security.  At this time, the only cases Plaintiff can proceed on are those cases that show imminent

5   danger of serious physical injury.   Creating a pre-filing order that further limits Plaintiff's access to

6   the courts would result in a such a broad pre-filing restriction as courts have repeatedly struck down

7   as not sufficiently tailored to address "the specific vice encountered."

8        As stated by the Magistrate Judge, Plaintiff has brought at least 21 lawsuits.   While some of

9   these lawsuits have been against these Defendants, there is no evidence another court has found

10  Plaintiff to be vexatious or a judicial finding that Plaintiff's other filings were found to be frivolous

11  or harassing.   Plaintiff's other cases have been dismissed for failing to state a claim, failing to

12  exhaust administrative remedies, and failing to pay the filing fee, not for being frivolous.

13       In addition, the current "three strikes" restriction on Plaintiff prohibits the conditions of

14  confinement claims alleged in the present action.  Thus, Defendants appear to already be protected

15  from the specific vice they have encountered in this and other cases.   The court agrees with the

16  Magistrate Judge that no other remedy is justified at this time by the record.

17       The court briefly notes that Defendants have provided evidence in their motion that shows

18  the conditions of Plaintiff's cell did not violate the Eighth Amendment and any unsanitary conditions

19  were created by Plaintiff.   This evidence, of course, is contrary to the evidence provided previously

20  by Plaintiff in this action.  Defendants cite no binding authority for the proposition that the court can

21  require a security and/or enter a pre-filing order based on disputed factual issues.   While a trier of

22  fact may very well find Defendants' evidence convincing and Plaintiff's evidence incredible, the

23  court declines to issue Defendants' proposed additional orders on a basis that requires the court to

24  believe Defendants' evidence and disregard Plaintiff's evidence.

25       Defendants' motion for reconsideration does not contain any new evidence, intervening

26  change in the controlling law, and/or a showing that the court committed clear error or made a

27  decision that was manifestly unjust.  When a district court encounters a vexatious litigant, such as

28
                                    5

1    Plaintiff, the court is under no obligation to issue a pre-filing order. <u>Molski</u>, 500 F.3d at 1065 n. 8.

2    Thus, the court must deny Defendants' motion for reconsideration.

3                                                **ORDER**

4            Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for

5    reconsideration, filed on July 19, 2011, is DENIED.   This action is REFERRED to the Magistrate

6    Judge for further proceedings.

7    IT IS SO ORDERED.

8
     Dated:    March 22, 2012
9                                              CHIEF UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    6