IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | 1:05-cv-01247-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER |
| vs. | (Doc. 92.) |
| BAROYA, et al., | ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR DEFENDANT PHAM |
| Defendants. | **New Dispositive Motions Deadline for Defendant Pham:**  **12/01/2012** |

### I.   BACKGROUND

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Nguyet, Hoppe, Griffin and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 18.)

On September 25, 2012, defendants Baroya, Nguyet, Hoppe, Griffin and Riedman ("Defendants") filed a motion to modify the scheduling order for this action filed on March 27, 2012, for defendant Pham. (Doc. 92.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of the Court's scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request an extension of the dispositive motions deadline for defendant Pham.  Defense counsel ("Counsel") explains that a conflict of interest has arisen against defendant Pham, and Counsel is unable to continue representing defendant Pham.  (Declaration of Diana N. Chinn, Doc. 92-1, at 4 ¶¶2-4.)  Defendant Pham will require time to seek outside counsel and prepare and file a dispositive motion, and because the conflict was only discovered recently, defendant Pham will not be able to prepare a motion for summary judgment before the current dispositive motions deadline.  (Id. ¶¶5, 6.)

Good cause appearing, Defendants' motion shall be granted, and the deadline for serving and filing pre-trial dispositive motions shall be extended until December 1, 2012 for defendant Pham.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for modification of the scheduling order, filed on September 25, 2012, is GRANTED;
2. The deadline for serving and filing pre-trial dispositive motions, formerly October 1, 2012, is extended until **December 1, 2012** for defendant Pham; and

3. All other provisions of the Court's scheduling order of March 27, 2012, remain the same.

IT IS SO ORDERED.

Dated:   **October 3, 2012**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE