UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS HENDON, | ) | 1:05-cv-01247-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING REQUEST |
| vs. | ) | TO FILE DOCUMENTS UNDER SEAL |
| | ) | (Doc. 94.) |
| BAROYA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. BACKGROUND

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Nguyet, Hoppe, Griffin and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 18.) On October 1, 2012, defendants Baroya, Nguyet, Hoppe, Griffin and Riedman ("Defendants") filed a Motion for Summary Judgment. (Docs. 93.) Defendants also filed a Request for Order to File Documents Under Seal. (Doc. 94.)

## II. MOTION TO SEAL DOCUMENTS

Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds. The public therefore normally has the right to inspect and copy documents filed with the court. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 (1978); Globe Newspaper

1

1  v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); <u>Phillips ex rel. Estates of Byrd v.
2  General Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002).  However, public access may be denied
3  where the court determines that court-filed documents may be used for improper purposes.  <u>Nixon</u>, 435
4  U.S. at 598; <u>Hagestad v. Tragesser</u>,49 F.3d 1430, 1433-1434 (9th Cir. 1995).  Courts should consider
5  "the interests advanced by the parties in light of the public interest and the duty of the courts." <u>Hagestad</u>,
6  49 F.3d at 1434 (*quoting* <u>Nixon</u>,435 U.S. at 602).  The Supreme Court has acknowledged that the
7  decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be
8  exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon</u>, 435 U.S. at 599.
9  After taking all relevant factors into consideration, the district court must base its decision on a
10 compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or
11 conjecture.  <u>Hagestad</u>, 49 F.3d at 1434.  Local Rule 141allows the court to seal documents only upon
12 written order.  L. R. 141(a).  Generally, the contents of such documents are of a nature that require the
13 court to maintain the confidentiality of the document.  For example, the contents may reveal information
14 that may jeopardize the safety or privacy of particular individuals.

15     Defendants request an order permitting them to file Exhibit A in support of their motion for
16 summary judgment, under seal.  Defendants assert that Exhibit A contains confidential medical material
17 that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPPA), and that
18 the documents in Exhibit A are substantially similar to the documents that Defendants requested to
19 submit under seal in support of their vexatious litigant motion, (ECF No. 54-2), except Defendants are
20 submitting additional medical documents and have Bates-stamped the documents for the Court's
21 convenience.  Defendants agree, that should permission be given to seal Exhibit A, they will manually
22 file the document and serve a copy on the Plaintiff.

23 **III.   CONCLUSION**

24     Good cause appearing, IT IS HEREBY ORDERED that:
25     1.   Defendants request for a court order permitting them to file Exhibit A case documents
26          in support of their Motion for Summary Judgment under seal, filed on October 1, 2012,
27          is GRANTED;

28
                                              2

2. Upon submission of Exhibit A case documents by Defendants, the Clerk of Court is DIRECTED to file under seal the Exhibit A case documents, until they are ordered unsealed by the Court; and

3. Defendants shall serve a copy of the Exhibit A case documents on the Plaintiff.

IT IS SO ORDERED.

Dated:   **October 2, 2012**                               /s/ **Gary S. Austin**
                                                                                     UNITED STATES MAGISTRATE JUDGE