UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>   Plaintiff,<br><br>   vs.<br><br>BAROYA, et al.,<br><br>   Defendants. | 1:05-cv-01247-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT PHAM'S REQUEST TO FILE DOCUMENTS UNDER SEAL<br>(Doc. 108.)<br><br>ORDER DIRECTING CLERK TO FILE DOCUMENTS UNDER SEAL<br>(Doc. 109.) |

**I.   BACKGROUND**

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham, Nguyet, Hoppe, Griffin and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 18.) On October 1, 2012, defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman filed a motion for summary judgment, which is pending. (Doc. 93.) Defendant Pham's motion for summary judgment, filed on November 30, 2012, is also pending. (Doc. 107.)

On November 30, 2012, Defendant Pham filed a request to file confidential documents under seal. (Doc. 108.)

1

## II.    REQUEST TO FILE DOCUMENTS UNDER SEAL

Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds. The public therefore normally has the right to inspect and copy documents filed with the court. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 (1978); Globe Newspaper v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). However, public access may be denied where the court determines that court-filed documents may be used for improper purposes. Nixon, 435 U.S. at 598; Hagestad v. Tragesser, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Hagestad, 49 F.3d at 1434 (*quoting* Nixon, 435 U.S. at 602). The Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon, 435 U.S. at 599. After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. Hagestad, 49 F.3d at 1434. Local Rule 141 allows the court to seal documents only upon written order. L. R. 141(a). Generally, the contents of such documents are of a nature that require the court to maintain the confidentiality of the document. For example, the contents may reveal information that may jeopardize the safety or privacy of particular individuals.

Defendant Pham moves the Court to file under seal the documents submitted on paper as "Exhibit A" to the Court on December 3, 2012. Defendant asserts that the documents consist of "Medical Records of Carlos Hendon, June 6, 2002 through January 21, 2003, Bates Stamp Nos Pham-000001-276." Notice of Lodging, Doc. 109 at 1:23-24. Defendant argues that the documents should be filed under seal because the information on the documents has been classified as confidential pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPPA), and disclosure would be against public interest because the need to protect confidential medical information outweighs any need for disclosure. Defendant seeks to submit the information as evidence directly relevant to defendant Pham's motion for summary judgment.

### III.  DISCUSSION

The Court does not seal case documents or exhibits from public view without good cause. Here, Defendant represents that the documents at issue contain confidential medical information protected by HIPPA. The Court has made an <u>in</u> <u>camera</u> review of the documents to determine if the information is of a nature that clearly would require the Court to maintain confidentiality. The Court finds that the documents contain protected medical information. The Court agrees that in this case the disclosure of the documents would be against the public interest because the need to protect confidential medical information outweighs any necessity for disclosure. It is the practice of this Court to maintain case documents under seal for an undetermined time period, until they are ordered unsealed by the Court. Accordingly, the Court shall grant defendant Pham's request to file the documents under seal. The Clerk of Court shall be directed to file under seal the documents submitted on paper by defendant Pham on December 3, 2012, until they are ordered unsealed by the court.

### IV.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant Pham's request to file confidential documents under seal, filed on November 30, 2012, is GRANTED;

2. The Clerk of Court is DIRECTED to file under seal the documents submitted on paper by Defendants on December 3, 2012, until they are ordered unsealed by the Court, including:

    (1) "Exhibit A" - Medical Records of Carlos Hendon (exhibits to defendant Pham's motion for summary judgment of November 30, 2012),

    (2) Memorandum of Points and Authorities in Support of Motion to File Documents Under Seal in Connection With Defendant Luong Pham, M.D.'s Motion for Summary Judgment,

    (3) Declaration of Van Longyear in Support of Defendant Luong Pham, M.D.'s Motion to File Documents Under Seal in Connection With Defendant Luong Pham, M.D.'s Motion for Summary Judgment, and

3

(4) [Proposed] Order Regarding Defendant's Motion to File Documents Under Seal in Connection With Defendant Luong Pham, M.D.'s Motion for Summary Judgment.

IT IS SO ORDERED.

**Dated:   December 5, 2012**                    /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

4