# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | 1:05-cv-01247-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY AND FOR EXTENSION OF TIME |
| vs. | |
| BAROYA, et al., | (Doc. 104.) |
| Defendants. | |

## I.     BACKGROUND

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 30, 2005. (Doc. 1.) This action now proceeds on Plaintiff's Second Amended Complaint filed on June 26, 2008, against defendants Baroya, Pham,[1] Nguyet, Hoppe, Griffin, and Reidman for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment. (Doc. 18.)

On September 30, 2009, the Court issued a Scheduling Order, establishing a deadline of May 30, 2010 for the parties[2] to complete discovery, and a deadline of August 9, 2010 for the parties to file pretrial dispositive motions. (Doc. 36.)

On August 1, 2011, defendant Hoppe appeared in the action. (Doc. 81.) On March 27, 2012, the Court issued a Scheduling Order commencing discovery between Plaintiff and defendant Hoppe,

---

[1] Plaintiff misspelled defendant Pham's name as "Fam" in the Second Amended Complaint. (Doc. 18.) Defendant has corrected the spelling. (Doc. 35 at 1 fn.1.)

[2] The parties in the action at that time included Plaintiff and defendants Baroya, Riedman, Nguyet, Griffin, and Pham. (Doc. 35.) Defendant Hoppe appeared in the action on August 1, 2011. (Doc. 81.)

1

1  establishing a deadline of August 1, 2012 for Plaintiff and defendant Hoppe to complete discovery,
2  and extending the dispositive motions deadline for all parties to October 1, 2012. (Doc. 88.)
3     On October 1, 2012, defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman filed a motion
4  for summary judgment, which is pending. (Doc. 93.)
5     On October 3, 2012, the Court issued a Scheduling Order extending the dispositive motions
6  deadline for defendant Pham to December 1, 2012. (Doc. 98.)
7     On October 4, 2012, the Court granted Plaintiff an extension of time until December 28,
8  2012, in which to file an opposition to Defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman's
9  motion for summary judgment. (Doc. 100.)
10    On November 5, 2012, Plaintiff filed a motion for discovery and for an extension of time to
11 file an opposition to defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman's motion for summary
12 judgment. (Doc. 104.) On December 20, 2012, defendants Baroya, Griffin, Hoppe, Nguyet, and
13 Reidman filed an opposition to the motion. (Doc. 116.) On December 20, 2012, defendant Pham
14 joined the opposition. (Doc. 117.) Plaintiff did not file a reply to the opposition. (Court Docket.)
15    On November 30, 2012, defendant Pham filed a motion for summary judgment. (Doc. 107.)
16    On January 2, 2013, Plaintiff filed oppositions to the two pending motions for summary
17 judgment. (Docs. 118, 119.)
18    Plaintiff's motions for discovery and for an extension of time to file an opposition to
19 Defendants' Baroya, Griffin, Hoppe, Nguyet, and Reidman's motion for summary judgment are now
20 before the Court.
21 **II.    MOTION FOR DISCOVERY**
22    **A.    Legal Standards**
23       **1.    Motion to Modify Scheduling Order**
24    Modification of the Court's scheduling order requires a showing of good cause, Fed. R. Civ.
25 P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,
26 Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification
27 of a scheduling order must generally show that even with the exercise of due diligence, they cannot
28 meet the requirement of the order. Id. The court may also consider the prejudice to the party

opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### 2. Motion to Compel Production of Document

*Federal Rules of Civil Procedure 26(b), 34, and 37(a)*

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[3] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

///

---

[3] "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

1  Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### 3. Rule 56(d) Motion

Pursuant to Federal Rule of Civil Procedure 56(d)(2), if Plaintiff shows by affidavit or declaration that for specified reasons he cannot present facts essential to oppose a motion for summary judgment, the Court may defer ruling on the motion to allow time for further discovery. In order to gain a continuance under Rule 56(d), Plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006); Tuvalu v. Woodford, No. CIV S-04-1724 RRB KJM P, 2007 WL 2900175, at 1-4 (E.D. Cal. Sept. 28, 2007).

### B. Plaintiff's Motion

Plaintiff entitles his discovery motion "Motion for Order Setting Discovery Deadline." Motion, Doc. 104 at 1. He requests a court order setting a sixty-day deadline for the Defendants to produce "'Bed Movement' lists for the period [from] January 22, 2003 to July 14, 2004 (the time plaintiff spent off and on on suicide precaution at California Correctional Institution." Id. at 1 ¶3(a). Plaintiff believes these documents will show that he was subjected to excessive harsh conditions on suicide precaution for more than two weeks at a time on several separate occasions, disproving Defendants' argument that Plaintiff was only held inappropriately for suicide precaution for a few days at a time. Plaintiff claims that the new discovery is essential to his ability to oppose Defendants' motion for summary judgment.

///

### C. Defendants' Opposition

Defendants object to Plaintiff's motion, which they construe as either a motion to modify the schedule, a motion to compel discovery, or a Rule 56(d) motion.

If construed as a motion to modify the schedule, Defendants argue that more than three and a half months have passed since the most recent discovery deadline, and Plaintiff cannot show that he exercised due diligence in moving to reset the discovery deadlines. Defendants argue that Plaintiff could have requested additional discovery after he received Defendants' discovery responses, and before the discovery deadlines expired on May 30, 2010 and August 1, 2012, but instead he waited until more than a month after Defendants moved for summary judgment. Defendants argue that Plaintiff is not a stranger to the federal court system, as he has filed at least twenty-one other lawsuits in the district courts, and yet Plaintiff has provided no explanation that would justify the untimeliness of this discovery motion.

If construed as a motion to compel discovery, Defendants argue that Plaintiff's motion is at least three and a half months late because any motions to compel documents from defendants Baroya, Nguyet, Pham, Griffin, or Reidman were due by May 30, 2012, and from defendant Hoppe by August 1, 2012. Defendants also argue that Plaintiff may be estopped from bringing the instant motion to compel because the Court already denied Plaintiff's previous motion to compel on November 8, 2010, which may be duplicative.

If construed as a Rule 56(d) motion, Defendants argue that Plaintiff has not shown that the requested documents are relevant to this action or would prevent summary judgment. Defendants first argue that the dates of the Bed Movement records Plaintiff requests – for the period of January 22, 2003 through July 14, 2004 – are wholly irrelevant to this action, because this action is based on Plaintiff's allegations that he was housed in the Outpatient Housing Unit on suicide precaution from June 6, 2002 to January 22, 2003. Second, Defendants argue that Plaintiff's request for records to establish the duration of each suicide precaution visit is moot, because Defendants do not dispute the fact that Plaintiff was housed, on occasion, on suicide precaution for more than two weeks, and the duration of Plaintiff's stay did not amount to a constitutional violation because it was medically necessary and therefore appropriate. Finally, Defendants assert that they already provided Plaintiff

5

with copies of his Bed Movement records – which specify every instance and date that Plaintiff was transferred between facilities and prisons – on October 12, 2012, when they filed their motion to declare Plaintiff a vexatious litigant.

**Discussion**

If Plaintiff's motion is construed as a motion to modify the Scheduling Order, the Court finds that Plaintiff has not demonstrated that with due diligence he could not have completed discovery by the August 1, 2012 deadline established by the Court's Scheduling Order of March 27, 2012. Due to the later appearance of defendant Hoppe, the discovery phase in this action lasted nearly three years, from September 30, 2009 until August 1, 2012. Plaintiff has not explained why he could not complete his discovery requests within the time allowed. Moreover, Plaintiff waited more than three months after discovery closed to bring the present motion for discovery. Defendants correctly assert that Plaintiff is not a stranger to the federal court and has provided no explanation for his delay. Therefore, to the extent Plaintiff seeks to modify the Scheduling Order, Plaintiff's motion shall be denied.

If Plaintiff's motion is construed as a motion to compel discovery, the motion is untimely. The Scheduling Order of March 27, 2012 established a deadline of August 1, 2012 for Plaintiff to complete discovery, including the filing of motions to compel, and the deadline was not extended. Therefore, to the extent Plaintiff's motion is a motion to compel, the motion shall be denied as untimely.

If Plaintiff's motion is construed as a Rule 56(d) motion, the Court finds that Plaintiff failed to explain why the facts he expects the new discovery to reveal would preclude summary judgment by Defendants. Plaintiff asserts that the Bed Movement lists he seeks will show he was subjected to harsh conditions for more than two weeks at a time on several separate occasions, which will disprove Defendants' argument that he was held inappropriately for only a few days at a time. Plaintiff states that if his request is not granted by the Court, he "will be unable to respond meaningfully to the defendants summary judgment motion," but Plaintiff does not explain why summary judgment will be precluded if he proves he was held under harsh conditions for more than two weeks at a time. Even if Plaintiff had given a satisfactory explanation, the motion would be

6

moot because Defendants do not dispute the fact that Plaintiff was housed, on occasion, on suicide precaution for more than two weeks. Moreover, Defendants have correctly argued that the Bed Movement lists for the period of January 22, 2003 through July 14, 2004 are wholly irrelevant to this action because this action is based on Plaintiff's allegations that he was housed in the Outpatient Housing Unit on suicide precaution from June 6, 2002 to January 22, 2003. Therefore, to the extent that Plaintiff brings a Rule 56(d) motion, the motion shall be denied.

Based on the foregoing, Plaintiff's motion for discovery shall be denied.

### III.    MOTION FOR EXTENSION OF TIME

Plaintiff requests an extension of time to file an opposition to Defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman's motion for summary judgment of October 1, 2012, until sixty days after he has received a response to his November 5, 2012 motion for discovery. Plaintiff asserts that his opposition to the motion for summary judgment is due on December 28, 2012, and he has not yet received a response to a discovery request he sent to Defendants before the expiration of the discovery deadline. Plaintiff's motion for extension of time is moot in light of the fact that Plaintiff's November 5, 2012 motion for discovery is denied by this order and discovery in this action is now closed. Moreover, on January 2, 2013, Plaintiff filed a timely opposition to Defendants Baroya, Griffin, Hoppe, Nguyet, and Reidman's motion for summary judgment. (Doc. 118.) Therefore, Plaintiff's motion for extension of time shall be denied as moot.

### IV.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for discovery, filed on November 5, 2012, is DENIED; and
2. Plaintiff's motion for an extension of time, filed on November 5, 2012, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **March 18, 2013**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

7