UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>        Plaintiff,<br><br>    vs.<br><br>DR. NORMA REIDMAN,<br>DR. JERRY Q. HOPPE,<br>DR. I. BAROYA,<br>DR. LUONG PHAM, and<br>DR. DAM NGUYET,<br><br>        Defendants. | 1:05-cv-01247-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO COMPEL (Doc. 152.) |

      Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This case is scheduled for trial before District Judge Anthony W. Ishii on July 7, 2015.

      On March 12, 2015, Plaintiff filed a motion to compel and a request for issuance of a subpoena. (Doc. 152.) Plaintiff seeks a subpoena compelling the custodian of medical records at California State Prison-Sacramento, where Plaintiff is presently incarcerated, to produce all of Plaintiff's medical records from June 2002 through December 2003. Plaintiff seeks the records to use as evidence at trial. Plaintiff asserts that he made a request to prison officials for the records on February 20, 2015 and has not heard back.

      Plaintiff's motion is untimely, and he has not shown good cause to reopen discovery. The Scheduling Order of March 27, 2012 established a deadline of August 1, 2012 for Plaintiff

1

to complete discovery, including the filing of motions to compel, and the deadline has not been extended. (Doc. 88.) Plaintiff filed this motion to compel more than two years after the deadline expired. Thus, Plaintiff's motion is untimely. To reopen discovery at this juncture would require modification of the court's Scheduling Order.

Modification of the court's Scheduling Order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The court may also consider the prejudice to other parties.

Plaintiff has not demonstrated that with due diligence he could not have completed discovery by the August 1, 2012 deadline established by the court's Scheduling Order. Due to the late appearance of defendant Hoppe, the discovery phase in this action lasted nearly three years, from September 30, 2009 until August 1, 2012. Plaintiff has not explained why he could not complete his discovery requests within the time allowed. Moreover, reopening the discovery phase of this action would almost certainly cause the trial to be delayed, which would prejudice Defendants who are anticipating trial in July 2015. This case was filed nearly ten years ago and should not be delayed any longer. Therefore, Plaintiff's motion to compel must be denied.

Accordingly, based on the foregoing, Plaintiff's motion to compel, filed on March 12, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2015**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE