UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>            Plaintiff,<br><br>    vs.<br><br>DR. NORMA REIDMAN,<br><br>DR. JERRY Q. HOPPE,<br><br>DR. I. BAROYA,<br><br>DR. LUONG PHAM, and<br><br>DR. DAM NGUYET,<br><br>            Defendants. | 1:05-cv-01247-GSA-PC<br><br>ORDER DENYING MOTION TO REOPEN DISCOVERY, WITHOUT PREJUDICE<br>(Doc. 161.) |

Carlos Hendon ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and on March 20, 2015, the case was reassigned to the undersigned to conduct any and all proceedings in the case, including trial and entry of final judgment.  (Docs. 4, 155, 158.)  This case is scheduled for trial on July 7, 2015, with a telephonic status hearing to be held before the undersigned, Magistrate Judge Gary S. Austin, on April 13, 2015, at 10:30 a.m.

On March 27, 2015, Plaintiff filed a motion to reopen discovery, which is now before the court. (Doc. 161.)  Plaintiff asserts that some of his legal materials, including documents obtained during discovery, were taken from him by prison officials after discovery was closed. Plaintiff argues that the only way for him to recover the documents is to reopen discovery. Plaintiff contends that he will be unable to submit his trial exhibits by the trial date.

The deadline to conduct discovery in this case expired on August 1, 2012, and the deadline has not been extended. (Doc. 88.) To reopen discovery at this juncture would require modification of the court's Scheduling Order.

Modification of the court's Scheduling Order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, he or she cannot meet the requirement of the order. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The court may also consider the prejudice to other parties.

The court finds that Plaintiff used due diligence in completing discovery before the court's discovery deadline expired. However, reopening discovery at this stage of the proceedings, on the eve of trial, would likely prejudice Defendants who are anticipating and preparing for trial. This case was filed nearly ten years ago and should not be delayed any longer than necessary. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, Plaintiff's motion to reopen discovery, filed on March 27, 2015, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE