1

2

# UNITED STATES DISTRICT COURT

3

EASTERN DISTRICT OF CALIFORNIA

4

5

| | |
|---|---|
| CARLOS HENDON, | Case No.  1:05-cv-01247-SAB-PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS THAT THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER |
| v. | |
| I. BAROYA, et al., | |
| Defendants. | RESPONSE DUE  SEPTEMBER 21, 2015 |

6

7

8

9

10

11        Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C.

12   § 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §

636(c).

13

14        On April 20, 2015, a trial scheduling order was entered, directing Plaintiff to file a

15   pretrial statement by August 24, 2015.  (ECF No. 169.)  Plaintiff has not filed a pretrial statement

16   as directed by the trial scheduling order.

17        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

18   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

19   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

20   control their dockets and "in the exercise of that power, they may impose sanctions including,

21   where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th

22   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute

23   an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v.

24   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.

25   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order

26   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.

27   1998)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

28   apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

1  for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

2  1986)(dismissal for lack of prosecution and failure to comply with local rules).

3      In determining whether to dismiss an action for lack of prosecution, failure to obey a

4  court order, or failure to comply with local rules, the Court must consider several factors: (1) the

5  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

6  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

7  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

8  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

9  46 F.3d at 53.

10      Here, the Court finds that the public's interest in expeditiously resolving this litigation

11  and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor,

12  risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury

13  arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

14  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition

15  of cases on the merits – is greatly outweighed by the factors in favor of dismissal discussed

16  herein.  Finally, a court's warning to a party that a failure to obey a court order will result in

17  dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

18  Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

19      Accordingly, IT IS HEREBY ORDERED that on or before **Monday, September 21,**

20  **2015,** Plaintiff shall file his pretrial statement, or in the alternative, provide a written statement

21  stating why his action should not be dismissed for his failure to obey a court order.

22

23

24  IT IS SO ORDERED.

25  Dated:   **September 11, 2015**

     _____
     UNITED STATES MAGISTRATE JUDGE

26

27

28

2