# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>    Plaintiff,<br><br>    v.<br><br>I. BAROYA, et al.,<br><br>    Defendants. | Case No. 1:05-cv-01247-SAB-PC<br><br>ORDER RE OBJECTIONS TO SEPTEMBER 25, 2015 PRETRIAL STATMENT<br><br>(ECF Nos. 178, 181, 182) |

On September 21, 2015, a pretrial confirmation hearing was held. On September 22, 2015, a pretrial order was issued, setting the pretrial schedule for this case. At the hearing, the Court addressed the issue of Plaintiff's failure to file a pretrial statement in compliance with the April 20, 2015, trial scheduling order. The September 22, 2015, pretrial order reflects Plaintiff's pretrial statement submitted on March 9, 2015. Plaintiff indicated that he had submitted a pretrial statement for mailing. On September 25, 2015, Plaintiff filed a pretrial statement. (ECF No. 178.) On September 28, 2015, Defendants Baroya, Hoppe, Nguyet and Riedman filed objections to Plaintiff's pretrial statement. (ECF No. 181.) On the same date, Defendant Fam joined in Defendants' objections. (ECF No. 182.)

Plaintiff seeks to add the following undisputed facts:

1. Whether while on suicide precaution an inmate is provided with a suicide mattress.

1        2.     Whether Plaintiff sustained any injuries or pain from the conditions of
2 confinement.

3        3.     Whether Plaintiff sustained any damages from any alleged constitutional
4 violations.

5        These facts are within the scope of issues to be determined at trial and therefore do not
6 materially alter the September 22, 2015, pretrial order.

7        Plaintiff seeks to call inmate witnesses Cody Taylor and Billy Fells. As will be discussed
8 further below, Plaintiff was properly served with the April 20, 2015, trial scheduling order and
9 was therefore on notice that the deadline for filing motions for the attendance of incarcerated
10 witnesses was July 14, 2015. Plaintiff failed to file any such motions. At the September 21,
11 2015, pretrial confirmation hearing, the Court indicated that it would entertain the March 9,
12 2015, motion for the attendance of an incarcerated witness. Defendants have until September 30,
13 2015, to oppose the motion. In the March 9, 2015, motion, Plaintiff seeks only to introduce the
14 testimony of inmate Billy Fells. The Court will not entertain any further motions for the
15 attendance of incarcerated witnesses other than inmate Fells as his subsequent request is
16 untimely pursuant to the Court's April 20, 2015, trial scheduling order.

17        In their objections, Defendants object to Plaintiff's assertion that he did not have notice
18 of the Court's orders. In his September 25, 2015, pretrial statement, Plaintiff indicates that it is
19 "improper to dismiss his complaint for his purported failure to file pretrial statement because
20 court did not give him notice of requirement." (ECF No. 178 at 8:15.19.) Plaintiff is advised
21 that the order to show cause was discharged because the Court found good cause to do so. At the
22 September 21, 2015, pretrial confirmation hearing, Plaintiff indicated that although he received
23 the April 20. 2015, trial scheduling order, he did not believe it required him to file a pretrial
24 statement. The Court made it clear at the hearing that Plaintiff was served with notice of the
25 requirement to file a pretrial statement and all the other requirements of the April 20, 2015, trial
26 scheduling order. The order to show cause was discharged on the ground that, at the hearing,
27 Plaintiff indicated that he had submitted for mailing a pretrial statement. The Court also
28 indicated that it would consider the March 9, 2015, motion for the attendance of incarcerated

witness, but that Plaintiff was not granted leave to request the attendance of any other incarcerated witnesses. There is no evidence, and the Court made no finding that, Plaintiff was not properly served with the April 20, 2015, trial scheduling order.

Defendants also object to Plaintiff's expansion of the scope of his claims. In his September 25, 2015, pretrial statement, Plaintiff attempts to expand his claims through December 23, 2003, encompassing an additional eleven month period of time that has never been at issue. (ECF No. 178 at 2:2-5.) Defendants correctly object to this expansion of Plaintiff's claims because it is not pled in the operative Second Amended Complaint (ECF No. 18), thus depriving Defendants of fair notice of the claims to defend at trial. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545, Federal Rule of Civil Procedure 8(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. The Court sustains Defendants' objection that Plaintiff's September 25, 2015, pretrial statement improperly defines and expands the scope of his claims.

2. The Court sustains Defendants' objection that Plaintiff wrongly asserts that he did not have notice of the April 20, 2015, trial scheduling order.

3. The September 22, 2015, pretrial order stands as the final pretrial order of the Court.

IT IS SO ORDERED.

Dated: **September 29, 2015**

UNITED STATES MAGISTRATE JUDGE