# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,,<br><br>    Plaintiff,<br><br>  v.<br><br>I. BAROYA, et al.,<br><br>    Defendants. | Case No.  1:05-cv-01247-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESS AND FURTHER CLARIFICATOIN<br><br>(ECF NO. 150) |

At the September 21, 2015, pretrial confirmation hearing, the Court indicated that it would consider Plaintiff's March 9, 2105, motion for the attendance of incarcerated witness. Defendant Fam has opposed the motion.

In the February 17, 2015, scheduling order (ECF No. 148), Plaintiff was advised that in order to obtain the attendance of an incarcerated witness, he must show, by declaration, that the prospective witness has actual knowledge of relevant facts.  Plaintiff was advised that the prospective witness's actual knowledge could be shown in one of two ways: (1) if the party has actual knowledge that the prospective witness was an eyewitness or an ear witness to the relevant facts, the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness was an eye or ear witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

Plaintiff seeks the attendance of inmate witness Billy Fells.  Plaintiff supports his motion with the declaration of inmate Fells.  Inmate Fells declares that he was housed at CCI (where the

events at issue in this lawsuit occurred) from January 1996 through January 1998. He was on suicide precaution at CCI "on several occasions" and was subjected to cold cell temperatures, constant lighting, and lack of showers.

The events at issue in this lawsuit occurred from June 2002 to January 2003. Inmate Fells indicates that he only has knowledge of his own experience. Defendant Fam correctly argues that because Plaintiff's remaining claim is against individual defendants rather than against a public entity, Fells' experience is irrelevant to this action and he should not be permitted to testify. Because Plaintiff has not shown that Inmate Fells was an eye or ear witness to the events at issue in this lawsuit, he is not permitted to testify.

In the Court's trial scheduling order of April 20, 2015 (ECF No. 169), the Court set a deadline of September 15, 2015, to exchange exhibits. In the September 22, 2015, pretrial order (ECF No. 175), the date was extended to September 29, 2015. Defendants indicate that the parties exchanged exhibits on September 15, 2015. The date for filing and serving a final exhibit list and pre-marked exhibits is October 6, 2015.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witness Billy Fells is denied; and

2. The deadline for filing and serving a final exhibit list and pre-marked exhibits is October 6, 2015.

IT IS SO ORDERED.

Dated:   **October 1, 2015**

UNITED STATES MAGISTRATE JUDGE

2