# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>    Plaintiff,<br><br>    v.<br><br>I. BAROYA, et al.,<br><br>    Defendants. | Case No.  1:05-cv-01247-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL ACTION<br><br>(ECF NO.193) |

Plaintiff Baroya is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On October 2, 2015, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 193.)  Plaintiff has not previously sought the appointment of counsel.   Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

# I.

# PROCEDURAL HISTORY

This action proceeds on the June 26, 2008, second amended complaint. Plaintiff alleges that he was repeatedly placed in secure cells where inmates were on suicide watch from June 6, 2002 to January 2003. Plaintiff alleges that during this time he was limited to having the minimum of certain items. For example, he was given only a thin blanket which he states was dirty and sometimes stained, the heat was inadequate for the winter months and his requests to increase the heat went unfulfilled. Plaintiff alleges that he was sometimes kept in his cell for days or weeks covered in his own excrement, subjected to constant illumination and sometimes placed in a cell next to a psychotic inmate who would scream and beat on the doors resulting in a loss of sleep. Plaintiff alleges that he was sometimes deprived of toilet paper on the basis that he might use it to cover his cell window, was deprived of showers while confined in the infirmary, and the cells were not cleaned when one inmate was removed and another took his place. Plaintiff alleges that the Defendants were aware of these conditions which, he contends, resulted in pain, cramps, chills, lower back and neck pain and extreme emotional anguish. Plaintiff claims that the conditions constituted deliberate indifference under the Eighth Amendment.

On March 20, 2009, an order was entered, finding that the second amended complaint stated a claim against Defendants Baroya, Fam, Hamilton, Nguyet, Hoppe, Grifffin and Riedman for violations of the Eighth Amendment arising out of constitutional housing conditions.[1] On September 29, 2009, Defendants Baroya, Fam, Nguyet, Griffin and Riedman filed an answer to the second amended complaint. On December 13, 2010, an order was entered by the District Court, adopting the recommendation of the Magistrate Judge and dismissing Defendant Hamilton for Plaintiff's failure to provide sufficient information to locate Defendant Hamilton for service of process. On August 2, 2011, Defendant Hoppe filed an answer. On October 1, 2012, Defendants Baroya, Riedman, Nguyet, Griffin and Hoppe filed a motion for summary judgment. On November 30, 2012, Defendant Fam filed a motion for summary judgment. On

---

[1] On July 8, 2011, an order was entered, indicating that this action is proceeding on claims of unconstitutional conditions of confinement, and not unconstitutional medical conditions. (ECF No. 70.)

2

1  January 2, 2013, Plaintiff filed opposition to both motions.  On March 26, 2013, Defendants
2  Baroya, Griffin, Hoppe, Nguyet and Riedman filed a reply.  On September 23, 2014, the District
3  Court adopted in part the findings and recommendations, ordering that summary judgment be
4  granted on Plaintiff's claims relating to deprivation of showers and hygienic items, deprivation
5  of adequate clothing, constant illumination, and Plaintiff's length of stay in the Outpatient
6  Housing Unit (OHU).  The motion was denied as to Plaintiff's claims relating to the OHU cell
7  temperature, deprivation of a suicide mattress and being placed in a cell containing feces.

## II.

## PLAINTIFF'S LITIGATION HISTORY

10  Plaintiff has adequately represented himself in this case.  As noted, Plaintiff has not
11 previously sought the appointment of counsel.  In the prosecution of this case, Plaintiff has
12 adequately argued his case and has drafted and submitted the following pleadings and motions.
13 Plaintiff filed a first amended complaint in response to an order dismissing the complaint with
14 leave to amend. (ECF No. 12.)  Plaintiff filed a second amended complaint pursuant to an order
15 granting his motion for leave to file an amended complaint. (ECF No. 18.)  Plaintiff engaged in
16 discovery, and filed an opposition to a motion to dismiss by Defendants Baroya, Nguyet, Fam,
17 Griffin and Riedman. (ECF No. 43.)   Plaintiff filed an opposition to Defendants' motion to have
18 Plaintiff declared a vexatious litigant.  (ECF No. 63.)   Plaintiff opposed Defendants' motion for
19 summary judgment.  (ECF No. 118.)  Plaintiff filed objections to the Magistrate Judge's findings
20 and recommendations. (ECF No. 130.)    Plaintiff has filed two pretrial statements (ECF Nos.
21 151, 169) and a motion for the attendance of an incarcerated witness. (ECF No. 150.)

## III.

## ANALYSIS AND CONCLUSION

24  In the present case, the Court has considered Plaintiff's moving papers, but does not find
25 the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987);
26 Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff has been adequately prosecuting
27 this case since it was filed on October 5, 2005.  Plaintiff has opposed numerous motions, and has
28 articulately presented his claims before the Court.  In his motion, Plaintiff lists several grounds

1 for the appointment of counsel. Plaintiff contends that the issues are complex and "the
2 allegations are serious and present questions of credibility." The factual and legal issues in this
3 case are not complex. Plaintiff's complaints that he has limited law library access and a limited
4 knowledge of the law do not present exceptional circumstances, and are belied by the fact that
5 Plaintiff has prosecuted his case to this point. Plaintiff's contention that he suffers from mental
6 illness and that his concentration is deteriorating is belied by the fact, as noted, that Plaintiff has
7 successfully prosecuted this case. In forma pauperis status alone does not alone entitle Plaintiff
8 to appointed counsel. That it is difficult for Plaintiff to continue to prosecute this case does not
9 constitute exceptional circumstances. The issues in this case are not complex. This case has to
10 do with the condition of Plaintiff's OHU cell. This case is not factually or legally complex.

11 While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **October 20, 2015**

UNITED STATES MAGISTRATE JUDGE