1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

CARLOS HENDON,

12

      Plaintiff,

13

    v.

14

I. BAROYA, et al.,

15

      Defendants.

Case No. 1:05-cv-01247-SAB-PC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(ECF NO. 222)

16

17       Plaintiff Hendon is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's objection which the Court

19   construes as a motion for reconsideration of the January 6, 2016 order granting Defendants'

20   motion for summary judgment.

21   **I.**

22   **PROCEDURAL HISTORY**

23       This action proceeds on the June 26, 2008 second amended complaint.  On September 23,

24   2014, the District Court partially granted Defendants' motion for summary judgment.  (ECF No.

25   134.)

26       After the parties consented to magistrate judge jurisdiction, a trial date was set. [1]  The

27   ------

[1] Plaintiff filed a consent to proceed before a magistrate judge on October 17, 2005. (ECF No. 4.)  Defendant Pham filed a consent on March 17, 2015.  (ECF No. 155.)  Defendants Baroya, Hoppe, Nguyet and Riedman filed a

28   consent on March 19, 2015. (ECF No. 158.)

1   Court granted Defendants' request to file a motion for summary judgment regarding whether

2   Plaintiff had exhausted his administrative remedies.  On January 6, 2016, an order was entered,

3   granting Defendants' motions for summary judgment and entering Judgment in Defendants'

4   favor.  (ECF No. 210.)  On January 21, 2016, Plaintiff filed a Notice of Appeal of the order

5   granting Defendants' motion for summary judgment and objections to the order granting

6   Defendants' motion for summary judgment. (ECF No. 222.)

7        On February 22, 2016, an order was entered by the U.S. Court of Appeals for the Ninth

8   Circuit, holding proceedings in that court in abeyance pending a ruling by this Court whether

9   Plaintiff's January 21, 2016, filing is a motion listed in Federal Rule of Appellate Procedure

10  4(a)(4) and if so, this Court's resolution of the motion. (ECF No. 226.)  Federal Rule of

11  Appellate Procedure 4(a)(4)(A)(vi) provides for relief under Federal Rule of Civil Procedure 60

12  if the motion is filed within 28 days after judgment is entered.  The Court therefore construes

13  Plaintiff's objections as a motion for relief from judgment pursuant to Federal Rule of Civil

14  Procedure 60.

15                                            **II.**

16                                   **LEGAL STANDARD**

17        As noted, the Court construes the Plaintiff's objections as a motion for reconsideration.

18  The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure

19  and Rule 230 of the Local Rules of the United States District Court, Eastern District of

20  California.  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

21  justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

22  injustice and is to be utilized only where extraordinary circumstances . . . exist."  Harvest v.

23  Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted).  The moving party

24  "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal

25  quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j)

26  requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or

27  were not shown upon such prior motion, or what other grounds exist for the motion."

28        "A   motion   for   reconsideration   should   not   be   granted,   absent   highly   unusual

                                              2

1   circumstances, unless the district court is presented with newly discovered evidence, committed

2   clear error, or if there is an intervening change in controlling law." <u>Marlyn Nutraceuticals, Inc.,</u>

3   <u>v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and

4   citations omitted), and "[a] party seeking reconsideration must show more than a disagreement

5   with the court's decision, and recapitulation . . . of that which was already considered by the

6   court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D.

7   Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to

8   induce the court to reverse its prior decision.  <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield,</u>

9   634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds,

10  828 F.2d 514 (9th Cir. 1987).

11                                              **III.**

12                                          **ANALYSIS**

13          In his motion for relief from judgment, Plaintiff sets forth five separate grounds for relief.

14  Plaintiff's arguments center on the contradictory declaration filed by Plaintiff in his earlier case.

15  The Court considered that declaration in finding that Plaintiff did not exhaust his administrative

16  remedies regarding the conditions of confinement on the OHU on October 4, 2002.

17          **A.      Procedural History of this Action**

18          Plaintiff refers to the earlier lawsuit in which he filed the contradictory declaration at

19  issue.  Plaintiff argues that he did not refer to his earlier case because it would have confused the

20  issue.  Plaintiff contends that "the magistrate judge misunderstood the declaration before the

21  court as contradicting plaintiff's earlier declaration."  (ECF No. 222 at 2.)  Plaintiff essentially

22  argues that the other lawsuit is irrelevant to this lawsuit.  In deciding Defendants' current motion

23  for summary judgment, the Court considered the issue that Plaintiff identified in his declaration

24  filed in the earlier case.  That declaration contradicted Plaintiff's unsubstantiated declaration in

25  this case.  Judgment was therefore proper.  Plaintiff's motion for relief from judgment is

26  therefore denied on this ground.

27          **B.      Defendants' Reply**

28          Plaintiff contends that "[t]he defendants' reply raised new arguments or introduced new

                                                  3

1 | evidence. In their reply, as noted, defendants argue that plaintiff's declaration is contradicted by

2 | a previously sworn statement. Defendants now attempt to introduce new evidence, raising new

3 | arguments that has never been at issue, and the magistrate judge allowed them to introduce it."

4 | (ECF No. 222 at 2.)

5 |      The central issue in Defendants' motion for summary judgment was whether Plaintiff

6 | exhausted his available administrative remedies regarding the conditions of confinement in the

7 | OHU on October 4, 2002. Plaintiff's declaration in another case that he filed a grievance

8 | challenging his removal from OHU on October 4, 2002 is central to Defendants' argument that

9 | Plaintiff did not file a grievance regarding the conditions in the OHU. Defendants did not raise

10 | any new issues in their reply.

11 |      Plaintiff also appears to argue that Defendant Pham's exhibit was improper because it

12 | was first offered in Defendant Pham's reply. Federal Rule of Civil Procedure 56(c)(1)(A)

13 | provides that summary judgment may be based on the pleadings, discovery and disclosure

14 | documents on file, and any affidavits or extrinsic evidence submitted in connection with the

15 | motion. Plaintiff made no evidentiary objections to the declaration in his surreply, and the Court

16 | properly took judicial notice of it. Plaintiff's motion for relief from judgment is therefore

17 | denied on this ground.

18 | **C.    Plaintiff's Evidence**

19 |      Plaintiff argues that, prior to 2011, prison procedures permitted inmates to include more

20 | than one issue on a grievance form. Plaintiff argues that "the correct inquiry would have been to

21 | determine whether plaintiff had included both issues (claims) on the same grievance form."

22 | (ECF No. 222 at 5.) Plaintiff contends that the Court "discredited" his declaration. (Id.)

23 |      Plaintiff is incorrect that prior to 2011 inmates were allowed to include more than one

24 | issue on a grievance form. While the regulations did change in 2011 to require inmates to list all

25 | staff members involved on the appeal, Cal. Code Regs. tit 15, §3084.2(a)(1)-(4) (2011), the

26 | regulations in 2002 did not allow for multiple issues in the same appeal. It did, however, refer to

27 | multiple appeals of the same issue, referring to "more than one appeal of the same issue." Cal.

28 | Admin. Code, tit. 15, § 3084.2(g) (2002). Further, even if the regulations allowed for the appeal

1   of more than one issue in the same grievance, as the Court found, there is no evidence that

2   Plaintiff included the conditions of his confinement in his grievance.  Plaintiff's motion for relief

3   from judgment is therefore denied on this ground.

4               **D.       Plaintiff's Contention that his Grievance Could Have Been Screened Out**

5           Plaintiff argues that "the correct inquiry would have been to determine whether Plaintiff's

6   unanswered and unreturned October 4, 2002 grievance was one of those screened out."  (ECF No

7   222 at 4.)  Plaintiff argues, without reference to the record, that his argument is supported by

8   ample evidence in the record.  Plaintiff appears to argue that because he **could have** filed a

9   grievance regarding the conditions of confinement in OHU, he established a triable issue of fact

10  as to whether he filed a grievance regarding the conditions of confinement in OHU on October 4,

11  2002.

12          In deciding the motion for summary judgment, the Court found that Defendants came

13  forward with evidence that Plaintiff did not establish a triable issue of material fact.  The

14  evidence at summary judgment consisted of a contradictory declaration filed by Plaintiff.

15  Plaintiff appears to argue that because he "could have" filed a grievance regarding the conditions

16  of confinement in the OHU, summary judgment should be denied.  Under Rule 56, a nonmovant

17  must point to "more than mere speculation, conjecture, or fantasy."  National Steel Corp. v.

18  Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).  Conclusory allegations, without

19  factual support, are insufficient to defeat summary judgment.  Id.  Plaintiff's motion for relief

20  from judgment is therefore denied on this ground.

21               **E.       The Posture of the Magistrate Judge's Conclusion and Order**

22          Plaintiff makes a vague argument that the Magistrate Judge made up his own facts, and

23  that his conclusion that Plaintiff failed to meet his burden on summary judgment is unsupported

24  by the facts.  The crux of Plaintiff's argument is that he disagrees with the order granting

25  Defendant's motion for summary judgment.  Plaintiff offers no legal or evidentiary support for

26  his contention.  Plaintiff's motion for relief from judgment is therefore denied on this ground.

27

28

**IV.**

**CONCLUSION AND ORDER**

Plaintiff has not met the high burden of coming forward with facts or law of such a strongly convincing nature as to induce the Court to reverse the order granting Defendants' motion for summary judgment.  Plaintiff's central claims are that it was improper for the Court to consider his contradictory declaration and that, because there was a possibility that he filed an inmate grievance regarding the conduct at issue, summary judgment should have been denied.

As noted, Defendants came forward with competent evidence that clearly established that Plaintiff did not file a grievance regarding the conditions of confinement in the OHU on October 4, 2002.  Plaintiff's unsubstantiated declaration, contradicted by his earlier declaration, and his conclusory argument that he could have filed a grievance, did not establish a triable issue of fact as to whether he exhausted his available administrative remedies prior to filing suit.  Plaintiff has not set forth any grounds for relief from the order granting Defendants' motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment filed on January 21, 2016, is DENIED.

IT IS SO ORDERED.

Dated:    **February 25, 2016**

_____
UNITED STATES MAGISTRATE JUDGE