UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAROYA, et al.,<br><br>　　　　　Defendants. | Case No.: 1:05-cv-01247-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60<br><br>(ECF No. 232) |

Plaintiff Carlos Hendon is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties consented to United States Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 155, 158.)

Currently before the Court is Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 in order to reopen the case, dated February 5, 2017, and entered on February 27, 2017. (ECF No. 232.) Finding no response from Defendants necessary at this time, the motion is deemed submitted. Local Rule 230(l).

**I.**

**PROCEDURAL HISTORY**

This action proceeds on the June 26, 2008 second amended complaint. On September 23, 2014, the District Court partially granted Defendants' motion for summary judgment. (ECF No. 134.)

///

1

1  After the parties consented to magistrate judge jurisdiction, a trial date was set. The Court
2  granted Defendants' request to file a motion for summary judgment regarding whether Plaintiff had
3  exhausted his administrative remedies. On January 6, 2016, an order was entered, granting
4  Defendants' motions for summary judgment and entering judgment in Defendants' favor. (ECF No.
5  210.)

6  On January 21, 2016, Plaintiff filed a Notice of Appeal of the order granting Defendants'
7  motion for summary judgment and objections to the order granting Defendants' motion for summary
8  judgment. (ECF No. 222.)

9  On February 22, 2016, an order was entered by the U.S. Court of Appeals for the Ninth Circuit,
10 holding proceedings in that court in abeyance pending a ruling by this Court on whether Plaintiff's
11 January 21, 2016 filing was a motion listed in Federal Rule of Appellate Procedure 4(a)(4) and if so,
12 this Court's resolution of the motion. (ECF No. 226.)

13 Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), this Court construed Plaintiff's
14 objections as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. On
15 February 25, 2016, the Court denied Plaintiff's motion. (ECF No. 227.)

16 On August 29, 2016, the U.S. Court of Appeals for the Ninth Circuit dismissed Plaintiff's
17 appeal for the failure to prosecute. (ECF No. 231.) The order was served on this Court and stated that
18 it acted as the mandate. (Id. at 2.)

19 Over five months after his appeal was dismissed, and over one year after the judgment was
20 entered in this case, Plaintiff filed the instant motion. (ECF No. 232.)

21 **II.**
22 **LEGAL STANDARD**

23 Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district
24 court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for the
25 following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
26 evidence . . . ; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been
27 satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.
28 P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and "for reasons (1), (2),

and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### III.

### DISCUSSION

Plaintiff asserts in his motion that he never consented to proceed before a United States Magistrate Judge. Therefore, he argues that the case should be reopened because the undersigned exceeded his authority by issuing, without Plaintiff's consent, an order dismissing Plaintiff's case.

As noted above, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) in this case. Specifically, he signed and filed a form dated October 10, 2015, indicating his voluntary consent to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment. (ECF No. 4.) Thus, Plaintiff's assertion is incorrect, and the undersigned did not err in issuing an order for a final judgment in this matter.

///
///
///

## IV.

## CONCLUSION AND ORDER

For the reasons explained, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 in order to reopen the case, (ECF No. 232), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **March 1, 2017**

UNITED STATES MAGISTRATE JUDGE