# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | Case No. 1:05-cv-01247-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS UNTIMELY |
| v. | |
| BAROYA, et al., | (ECF No. 239) |
| Defendants. | |

## I.

## RELEVANT PROCEDURAL HISTORY

Carlos Hendon ("Plaintiff"), a state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on September 30, 2005. (ECF No 1.) On October 17, 2005, Plaintiff consented to the jurisdiction of the magistrate judge for all purposes. (ECF No. 4.) On November 6, 2006, the assigned magistrate judge screened Plaintiff's complaint and the complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 8.) After receiving an extension of time, Plaintiff filed a first amended complaint on January 22, 2007. (ECF No. 12.) On February 26, 2008, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 15.) Plaintiff's motion was granted and a second amended complaint was filed on June 26, 2008. (ECF No. 18.)

On March 20, 2009, Plaintiff's second amended complaint was screened and found to state a cognizable claim against Defendants Baroya, Fam, Hamilton, Nguyet, Hoppe, Griffin, and Reidman ("Defendants") for violation of the Eighth Amendment arising out of unconstitutional housing conditions. (ECF No. 23.) Defendants filed a motion to dismiss for failure to exhaust administrative remedies which was denied on September 7, 2010. (ECF Nos. 45, 49.) On December 13, 2010, Defendant Hamilton was dismissed from this action for Plaintiff's failure to provide information sufficient to effect service. (ECF Nos. 55, 67.)

Defendants filed a motion to declare Plaintiff a vexatious litigant which was granted on July 8, 2011, however, Defendants' requests for Plaintiff to post security and for a pre-filing order was denied. (ECF No. 54, 63, 66, 70.) Defendants' sought reconsideration of the order denying their request for Plaintiff to post security and for a pre-filing order. (ECF No. 71.) On March 23, 2012, United States District Judge Anthony W. Ishii denied Defendants' request for reconsideration. (ECF No. 87.)

Defendants filed a motion for summary judgment and the magistrate judge recommended that summary judgment be granted in favor of Defendants. (ECF Nos. 93, 125.) On September 23, 2014, District Judge Ishii adopted in part, and summary judgment was granted as to Plaintiff's claims relating to deprivation of showers and hygienic items, deprivation of adequate clothing, constant illumination, and Plaintiff's stay length in the OHU and was denied as to Plaintiff's claims relating to the OHU cell's temperature, the deprivation of a suicide mattress, and being placed in cell containing feces. (ECF No. 134.)

On January 9, 2015, Defendant Griffin was dismissed from the action because he was deceased. (ECF Nos. 142, 145.) On March 17, 2015, Defendant Fam consented to the jurisdiction of the magistrate judge. (ECF No. 155.) On March 19, 2015, Defendants Baroya, Hoppe, Nguyet, and Reidman consented to the jurisdiction of the magistrate judge. (ECF No. 158.) On March 20, 2015, the matter was reassigned to Magistrate Judge Gary Austin for all purposes. (ECF No. 159.) On April 13, 2015, the matter was reassigned to the undersigned. (ECF No. 165.)

On September 22, 2015, a pretrial order issued and Defendants were granted the

1 opportunity to file a second motion for summary judgment based on the recent decision in 2 Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014). (ECF No. 175.) On September 25, 2015, 3 Defendants filed a motion for summary judgment. (ECF No. 177, 179.) On January 6, 2016, 4 Defendants' motion for summary judgment was granted and judgment was entered on behalf of 5 Defendants. (ECF Nos. 219, 220.)

On January 21, 2016, Plaintiff filed a notice of appeal that was processed to the Ninth Circuit Court of Appeals. (ECF Nos. 223, 224.) On August 29, 2016, Plaintiff's first appeal was dismissed for failure to pay the filing fee after his in forma pauperis status was revoked on appeal. (ECF Nos. 230, 231.)

On February 27, 2017, Plaintiff filed a motion for reconsideration arguing that the magistrate judge acted in excess of his jurisdiction by deciding the motion for summary judgment without Plaintiff's consent. (ECF No. 232.) On March 1, 2017, the motion for reconsideration was denied. (ECF No. 233.)

On March 30, 2017, Plaintiff filed a notice of appeal that was processed to the Ninth Circuit Court of Appeals. (ECF Nos. 234, 235.) On July 17, 2017, Plaintiff's second appeal was dismissed for failure to prosecute. (ECF No. 228.)

On March 5, 2020, Plaintiff filed a motion for relief from the magistrate judge's dismissal. (ECF No. 239.)

## II.

## LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides that on motion and just terms, the court may relief a party from a final judgment or order due to "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.

60(b).

"It is a basic principle of federal practice that 'courts generally . . . refuse to reopen what has been decided. . . .'" Magnesystems, Inc. v. Nikken, Inc., 933 F.Supp. 944, 948 (C.D. Cal. 1996) (quoting Messinger v. Anderson, 225 U.S. 436, 444 (1912)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). " 'A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.' " United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (citations omitted). Motions for reconsideration are not the place for the parties to raise new arguments that were not raised in their original briefs, nor is reconsideration to be used to ask the district court to rethink what it already thought. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D. Ariz. 2003).

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal punctuation and citations omitted); Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Requests for reconsideration are also governed by Local Rule 230(j) which provides that a party seeking reconsideration must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion."

## II.

## DISCUSSION

As in his prior motion for reconsideration, Plaintiff seeks relief under Rule 60(b) arguing

1 that he did not consent to the jurisdiction of the magistrate judge and therefore the magistrate judge acted outside his authority by rendering a decision on the motion for summary judgment.

A motion for relief from judgment under Rule 60 must be filed within a reasonable time and if relief is sought under subsection b reasons (1), (2), or (3) no more than one year after the entry of judgment or order. Fed. R. 60(c)(1). Here, judgment was entered on January 6, 2016, and Plaintiff's prior motion for reconsideration was denied on March 1, 2017. (ECF Nos. 219, 220, 233.) Plaintiff's current motion for reconsideration, filed more than four years after the entry of judgment and three years after denial of the prior motion for reconsideration, is denied as untimely.

Alternately, Plaintiff seeks a certificate of appealability. To the extent that Plaintiff is seeking for permission to file an appeal, any appeal in this instance is untimely. An appeal of right may only be taken by filing a notice of appeal in the district court. Fed. R. App. P. 3(a)(1). Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal to "be filed with the clerk of the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4(a) is both mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007).

Rule 4(a)(5) provides that the district court may extend the time for filing a notice of appeal if the party moves no later than thirty days after the time proscribed by Rule 4(a) expires and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Plaintiff did not file a notice of appeal or seek an extension of time within the time prescribed.

Under Rule 4(a)(6) the time to file an appeal may be reopened for a period of fourteen days when the court finds that the moving party did not receive notice of the entry of judgment or order sought to be appealed within 21 days after entry, the motion is filed within 180 days after judgement is entered or within 14 days after the moving party receives notice whichever is sooner, and no party would be prejudiced. Fed. R. App. P. 4(a)(6). It is clear that Plaintiff received notice of the entry of judgment because he filed the previous motion for reconsideration. Plaintiff did not file a timely notice of appeal upon receiving notice of the ruling that he now seeks to appeal. This Court cannot grant Plaintiff leave to file an untimely

1 | appeal.

Finally, Plaintiff's motion for reconsideration has no merit. Plaintiff argues that he did not consent to the jurisdiction of the magistrate judge. However, as the previous order denying Plaintiff's motion for reconsideration recognized, Plaintiff consented to the jurisdiction of the magistrate judge on October 17, 2005. (See ECF No. 4.) Once the defendants consented to the magistrate judge, all parties had consented and the undersigned had the authority to act in the case. Branch v. Umphenour, 936 F.3d 994, 1001 (9th Cir. 2019).

This matter was reassigned to the magistrate judge on April 13, 2015. (ECF No. 165.) Plaintiff appeared for a telephonic status hearing on this same date before Magistrate Judge Gary Austin. (ECF No. 166.) The issue of consent to a different magistrate judge was addressed with the parties. (Id.) The matter was reassigned to the undersigned and the parties appeared for a telephonic trial setting conference on April 17, 2015. (ECF No. 168.) Plaintiff appeared for a telephonic pretrial confirmation hearing on September 21, 2015. (ECF No. 174.) Defendants filed a motion for summary judgment on September 25, 2015 and on October 9, 2015, Plaintiff appeared for a telephonic hearing regarding a motion for an extension of time to file an opposition. (ECF Nos. 179, 204.) During this time period, Plaintiff filed motions *in limine*. (ECF No. 183.) Defendants' motion for summary judgment was granted on January 6, 2016 and judgment was entered in favor of Defendants. (ECF Nos. 219, 220.) Plaintiff filed objections to the magistrate judge's order on January 21, 2016 and amended objections on March 4, 2016, but never raised the issue of consent. (ECF Nos. 222, 229.) It was not until February 27, 2017, more than a year after judgment was entered that Plaintiff sought reconsideration based on the issue of consent. (ECF Nos. 232. (ECF No. 232.) The Court reasonably relied on Plaintiff's consent and lack of objection during the pendency of the case as to consent.

After he consented, Plaintiff never moved to withdraw his consent nor did he object once the matter was reassigned upon the consent of the defendants.

/ / /

/ / /

/ / /

## III.
## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for reconsideration is HEREBY DENIED as untimely.

IT IS SO ORDERED.

Dated: __**March 11, 2020**__

UNITED STATES MAGISTRATE JUDGE